UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Judge R. Brooke Jackson

Civil Action No. 1:14-cv-00319-RBJ

KNAPP LOGISTICS AUTOMATION, INC.,
F/K/A KNAPP LOGISTICS & AUTOMATION, INC.

    Plaintiff,

v.

R/X AUTOMATION SOLUTIONS, INC.

    Defendant.

---

### [PROPOSED] CIVIL SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Pursuant to Fed. R. Civ. P. 16(b), a Scheduling conference was held on April 22, 2014, and was attended by:

For Plaintiff Knapp Logistics Automation Inc.: Ann G. Fort, Sutherland Asbill & Brennan LLP, and Jack Tanner, Fairfield & Woods, P.C.

For Defendant R/Z Automation Solutions, Inc.: Alfred K. Wiedmann, Jr., and Luke R. Santangelo, Santangelo Law Offices

## 2. STATEMENT OF JURISDICTION

There is no dispute over this Court's jurisdiction over the patent infringement claim pleaded in the Amended Complaint. This Court has jurisdiction over the subject matter of this patent infringement action under 28 U.S.C. §§ 1331, 1332 & 1338. Likewise, there is no dispute over this Court's jurisdiction over the person of the Defendant, RXAS. This case was transferred to this District following the granting of Defendant's motion to transfer.

Similarly, there is no dispute over this Court's subject matter or personal jurisdiction over the First Count of Defendant's Counterclaim, seeking a declaratory judgment that the patent-in-suit, Knapp's U.S. Patent No. 8,601,776 (the "'776 Patent"), is invalid. This Court has jurisdiction over the First Count of the Counterclaim under the combined effects of 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and has personal jurisdiction over Knapp as a result of Knapp's filing of suit in this District.

There is a dispute, however, over this Court's declaratory judgment jurisdiction over Defendants' Second Counterclaim (Defendant's Answer & Countercls., Dkt. 12, ¶¶ 49-53), seeking to invalidate U.S. Patent No. 8,141,330 (the "'330 Patent"). Knapp has moved to dismiss this counterclaim, on the ground that no case or controversy exists between these parties regarding the '330 Patent, which is not asserted by Knapp in its infringement action, and Knapp has no intention of asserting that patent against the RXAS Script Count Tablet & Capsule Dispensing Unit. Defendant RXAS has filed its response to that motion, and Knapp's reply is due on April 28, 2014.

## 3. STATEMENT OF CLAIMS AND DEFENSES

    a.    Plaintiff(s):

Knapp prays for judgment and seeks relief pursuant to its Complaint as follows:

(1)    The Court declare that Defendant has infringed the exclusive rights granted to Knapp that are disclosed by the claims of the '776 Patent;

(2)    The Court declare that the '776 Patent is valid and enforceable;

(3)    The Court enjoin Defendant preliminarily and permanently, against further infringement of the '776 Patent by Defendant, its officers, agents, servants, employees, affiliates, subsidiaries, licenses, successors and assigns and those persons acting in concert with them including related individuals and entities, customers, representatives, dealers, and distributors;

(4)    The Court award to Knapp damages in an amount adequate to compensate Knapp for Defendant's infringement of the '776 Patent, but in no event less than a reasonable royalty pursuant to 35 U.S.C § 284;

(5)    The Court award to Knapp its costs, and pre- and post-judgment interest on its damages, pursuant to 35 U.S.C. § 284;

(6)    The Court declare this case to be exceptional and award Knapp its reasonable attorney fees and costs under 35 U.S.C. § 285;

(7)    The Court declare that Defendant's acts of infringement, inducement of infringement and/or contributory infringement of the '776 Patent has been knowing and willful;

(8)    The Court increase all damages awarded to Knapp in this case to three times the damages amount found by the jury or assessed by this Court pursuant to 35 U.S.C. § 284; and

(9) The Court award to Knapp such other and further relief as the Court may deem just and proper.

Regarding the First Count of the Counterclaim, Knapp asserts that RXAS has failed to state a claim upon which relief may granted. Knapp also seeks the following relief: Knapp requests that this Court:

A. Dismiss RXAS' Counterclaim in its entirety, with prejudice;

B. Enter judgment that RXAS is not entitled to any of the relief requested in its Answer, Counterclaim, and Jury Demand;

C. Declare that the '776 Patent is valid and enforceable;

D. Enter judgment that RXAS has infringed the '776 Patent;

E. Enjoin Defendant, preliminarily and permanently, against further infringement of the '776 Patent by Defendant, its officers, agents, servants, employees, affiliates, subsidiaries, licenses, successors and assigns, and those persons action in concert with them including related individuals and entities, customers, representatives, dealers, and distributors;

F. Award Knapp damages in an amount sufficient to compensate it for Defendant's infringement of the '776 Patent, but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284;

G. Declare this case to be exceptional and award Knapp its reasonable attorney fees and costs under 35 U.S.C. § 285;

H. Declare that Defendant's acts of infringement, inducement of infringement and/or contributory infringement of the '776 Patent has been knowing and willful;

I. Increase the damages awarded to Knapp in this case to three times the damages amount found by the jury or assessed by this Court pursuant to 35 U.S.C. § 284; and

J. Award to Knapp such other relief as the Court may deem just and proper.

Regarding the Second Count of the Counterclaim, Knapp asserts that this Court does not have declaratory judgment subject matter jurisdiction, as set forth in Knapp's Motion to Dismiss Defendant's Second Counterclaim.

b. Defendant:

*RXAS counterclaims, requests a judgment, and requests relief, pursuant to its Answer and Counterclaims as follows:*

(1) RXAS requests a judgment and declaration of non-infringement by RXAS of any and all claims of the '776 Patent;

(2) RXAS request a judgment that Knapp be denied all that it seeks, including but not limited to a denial of: any declaration of infringement of the '776 Patent by RXAS; a declaration of validity and enforceability of the '776 Patent; any injunction; any damages; any award of costs; and any attorney fees.

(3) RXAS requests a judgment and declaration of invalidity and/or enforceability of the '776 Patent and the '330 Patent.

*RXAS affirmatively defends against and denies Plaintiff's claims as follows:*

(4) RXAS has not infringed any valid claim of the '776 Patent, either literally or under the Doctrine of Equivalents, has not induced infringement of any valid claim of the '776 Patent, and has not committed any act(s) constituting contributory infringement of any valid claim of the '776 Patent.

(5) RXAS is not liable for any infringement of the '776 Patent that may exist.

(6) Upon information and belief, each and every claim, or each and every asserted claim, of the '776 Patent is invalid and/or unenforceable under one or more provisions of the Patent Laws of the United States, including without limitation, 35 U.S.C. 102, 103 and 112, and is anticipated, obvious, a best mode violation, lacks enablement, contains inadequate written description and/or is indefinite.

(7) Upon information and belief, the '776 Patent is invalid and/or unenforceable under 35 USC 102 and/or 35 USC 103 by reason of prior art, including but not limited to: prior art more particularly described in Par. 32 of the Defendant RXAS' Answer filed on February 24, 2014.

(8) Upon information and belief, the '776 Patent is invalid and/or unenforceable because its parent, the '330 Patent is invalid and/or unenforceable, which effects a change in the priority claim of the '776 Patent that renders it invalid.

(9) Any and all claims asserted by Knapp are barred because of laches and/or estoppel.

(10) The '776 Patent is unenforceable because of Patent Misuse.

*In addition to b. 1-3 above, Defendant RXAS further requests relief as follows:*

(A) The Court enjoin Plaintiff against further allegations of infringement of the '776 Patent by Defendant, its officers, agents, servants, employees, affiliates, subsidiaries, licenses, successors and assigns and those persons acting in concert with the including related individuals and entities, customers, representatives, dealers, and distributors;

(B) The Court award to Defendant RXAS damages in an amount to be determined;

(C) The Court award to Defendant its costs, and pre- and post-judgment interest on its damages, pursuant to 35 USC 284;

(D) The Court declare this case to be exceptional and award Defendant its reasonable attorney fees and costs under 35 USC 285;

(E) The Court award to RXAS such other and further relief as the Court may deem just and proper.

    c.    Other Parties:

There are no other parties.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Knapp is a Georgia corporation, having a principal place of business at 2124 Barrett Park Dr. Suite 100, Kennesaw, GA 30144.

2. Upon information and belief, Defendant is a Colorado corporation and has its principal place of business at 105 S. Sunset Street, Suite K-L-M, Longmont, CO 80501.

3.     United States Patent No. 8,601,776 ("the '776 Patent"), entitled "Systems and Methods of Automated Dispensing, Prescription Filling, and Packaging," was issued by the United States Patent & Trademark Office on December 10, 2013.

4.     Plaintiff Knapp Logistics Automation, Inc. is the owner by assignment of all rights, title, and interest in and to the '776 Patent.

5.     Defendant uses and causes to be used systems and methods of automated dispensing, prescription filling, and packaging, including those marketed as Defendant's Script Count Tablet & Capsule Dispensing Unit ("Script Count").

6.     Knapp accuses the Script Count of infringing the '776 Patent. RXAS denies such infringement.

## 5. COMPUTATION OF DAMAGES

Knapp contends it is entitled to recover damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by RXAS, together with interest and costs as fixed by the court. Knapp requires discovery from RXAS, and perhaps from third parties, before it will be able to compute its damages on account of RXAS's use of the invention claimed in the '776 Patent. Knapp also seeks increased damages on account of willful infringement, and exceptional case attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

Knapp also claims that the infringement by RXAS is causing, and will continue to cause, irreparable economic harm, such as loss of market share, price erosion, or loss of goodwill.

RXAS contends it is entitled to damages in an amount yet to be determined. RXAS requests that the Court declare this case to be exceptional and award Defendant its reasonable attorney fees and costs under 35 USC 285. RXAS also requests the Court award to RXAS such other and further relief as the Court may deem just and proper.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

    a.    Date of Rule 26(f) meeting.

The parties met by telephone conference on April 15, 2014.

    b.    Names of each participant and party he/she represented.

For Plaintiff Knapp Logistics Automation Inc.: Ann G. Fort and Jesse Lincoln, Sutherland Asbill & Brennan LLP, and Jack Tanner, Fairfield & Woods, P.C.

For Defendant R/Z Automation Solutions, Inc.: Alfred K. Wiedmann, Jr., and Luke R. Santangelo, Santangelo Law Offices

    c.    Statement as to when Rule 26(a)(1) disclosures were made or will be made.

See Case Plan and Schedule section 9 below.

    d.    Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

See Case Plan and Schedule section 9 below.

    e.    Statement concerning any agreements to conduct informal discovery:

See Case Plan and Schedule section 9 below.

    f.    Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties will attempt to pursue the most efficient means of discovery that will accomplish their objectivees in this litigation, including adopting a unified exhibit numbering system, if indicated.

    g.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

At this time, the parties do not anticipate discovery will involve an unusual amount of discovery of electronically stored information ("ESI").

Before producing documents in the case, the parties will confer regarding uniform technical standards for production and enter into a stipulation regarding these issues within thirty (30) days of the entry of a scheduling order in this case.

    h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties briefly discussed settlement before suit was filed. It appears that at least some discovery will be required before meaningful discussions can resume.

### 7. CONSENT

All parties     ☐ [have]     ☐X [have not] consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

    a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

The parties do not anticipate needing any such modifications.

    b.    Limitations which any party proposes on the length of depositions.

The parties propose to follow Fed. R. Civ. P. 30(d)(1) regarding the length of depositions.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

The parties agree to a limit of twenty-five (25) requests for production and/or requests for admission.

d. Other Planning or Discovery Orders

See Case Plan and Schedule section 9. below

## 9. CASE PLAN AND SCHEDULE

The parties agree to follow the pilot local rules for patent litigation published on April 2, 2014, and they agree upon many of the dates for completing the steps outlined in the pilot rules. The parties do not agree, however, on whether discovery and trial should be bifurcated. Plaintiff does not believe any bifurcation is necessary or appropriate in this case. Defendant proposes to bifurcate discovery and trial so that its invalidity defenses are tried before infringement discovery takes place, followed by trial on infringement. The parties' proposed schedules are as follows:

a. Plaintiff's Proposed Schedule

| Plaintiff Knapp's Proposed Schedule | |
|---|---|
| Event | Date |
| Scheduling Conference | April 22, 2014 |
| Initial Disclosures | May 23, 2014 |
| Submission of a Protective Order | June 13, 2014 |
| Disclosure of Asserted Claims and Infringement Contentions by Plaintiff | June 27, 2014 |
| Defendant's Response to Infringement Contentions | July 25, 2014 |
| Disclosure of Invalidity Contentions by Defendants | September 19, 2014 |
| Exchange of Proposed Terms and Claim Elements for Construction | September 26, 2014 |

| | |
|---|---|
| Last Day to Amend Pleadings or Add Parties | September 26, 2014 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence | October 10, 2014 |
| Disclosure of Identity of Counsel and Production of Opinion, if applicable | October 10, 2014 |
| Plaintiff's Response to Invalidity Contentions | October 17, 2014 |
| Joint Claim Construction, Pre-Hearing Statement | November 3, 2014 |
| Exchange and File Opening Claim Construction Briefs (not to exceed 20 pages each) and Technology Tutorial(s) (if any) | November 24, 2014 |
| Exchange and File Responsive Claim Construction Briefs (not to exceed 15 pages) | December 15, 2014 |
| Exchange and File Reply Briefs in Support of Claim Constructions | December 22, 2014 |
| File Joint Motion for Determination | December 22, 2014 |
| Last Day to Identify or Exchange any Physical Exhibits to be submitted to the Court at Claim Construction Hearing (not including the presentations themselves) | January 9, 2015 |
| Claim Construction Hearing | January 16, 2015 |
| Exchange Final Infringement Contentions | March 13, 2015[1] |
| Exchange and File Motion to Exclude re: Final Infringement Contentions | March 27, 2015[2] |
| Exchange Final Invalidy Contentions | April 3, 2015[3] |
| Exhange and File Motion to Exclude re: Final Invalidity Contentions | April 17, 2015[4] |
| Close of Fact Discovery | April 30, 2015 |
| Party with Burden of Proof to Designate Expert Witnesses and Serve Expert Reports | May 8, 2015 |
| Designate Rebuttal Expert Witnesses and Serve Rebuttal Expert Witness Reports | June 5, 2015 |
| Close of Expert Discovery | June 30, 2015 |
| Deadline for Dispositive Motions and *Daubert* Motions | July 3, 2015 |
| Responsive Brief(s) Deadline | July 24, 2015 |
| Reply Brief(s) Deadline | July 31, 2015 |
| Final Pre-Trial Order | 7 days before Final Pre-Trial Conference |
| Final Pre-Trial Conference | As set by the Court |
| Ten-Day Jury Trial Date | As set by the Court |

---

[1] Or 28 days after claim construction order is filed.
[2] Or 14 days after service of Final Infringement Contentions.
[3] Or 21 days after service of Final Infringement Contentions.
[4] Or 14 days after service of Final Invalidity Contentions

b. Defendant's Proposed Schedule

| Defendant RXAS's Proposed Schedule | |
|---|---|
| Event | Date |
| Scheduling Conference | April 22, 2014 |
| Initial Disclosures | May 23, 2014 |
| Submission of a Protective Order | June 13, 2014 |
| Disclosure of Asserted Claims and Infringement Contentions by Plaintiff | June 27, 2014 |
| Defendant's Response to Infringement Contentions | July 25, 2014 |
| Disclosure of Invalidity Contentions by Defendants | September 19, 2014 |
| Exchange of Proposed Terms and Claim Elements for Construction | September 26, 2014 |
| Last Day to Amend Pleadings or Add Parties | September 26, 2014 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence | October 10, 2014 |
| Disclosure of Identity of Counsel and Production of Opinion, if applicable | October 17, 2014 |
| Plaintiff's Response to Invalidity Contentions | October 24, 2014 |
| Joint Claim Construction, Pre-Hearing Statement | November 3, 2014 |
| Exchange and File Opening Claim Construction Briefs (not to exceed 20 pages each) and Technology Tutorial(s) (if any) | November 24, 2014 |
| Exchange and File Responsive Claim Construction Briefs (not to exceed 15 pages) | December 15, 2014 |
| Exchange and File Reply Briefs in Support of Claim Constructions | December 22, 2014 |
| File Joint Motion for Determination | January 7, 2014 |
| Last Day to Identify or Exchange any Physical Exhibits to be submitted to the Court at Claim Construction Hearing (not including the presentations themselves) | January 9, 2015 |
| Claim Construction Hearing | January 16, 2015 |
| Close of Fact Discovery Related to Invalidity Trial and Deadline for Filing Motions to Compel Related to Invalidity Trial | March 13, 2015 |

| | |
|---|---|
| Party with Burden of Proof on Invalidity to Designate Expert Witnesses and serve Expert Witness Reports on Invalidity | March 27, 2015 |
| Designate Rebuttal Expert Witnesses on Invalidity and serve Rebuttal Expert Witness Reports on Invalidity | April 3, 2015 |
| Close of Expert Discovery on Invalidity | April 17, 2015 |
| Deadline for Dispositive Motions and *Daubert* Motions related to Invalidity Trial | April 30, 2015 |
| Responsive Brief(s) Deadline | May 22, 2015 |
| Reply Brief(s) Deadline | May 29, 2015 |
| Final Pre-Trial Order Related to Joint Invalidity Jury Trial | 7 days before Final Pre-Trial Conference for Invalidity Jury Trial |
| Final Pre-Trial Conference Related to Joint Invalidity Jury Trial | As set by the Court |
| Five-Day Invalidity Jury Trial Date | As set by the Court |
| Commencement of Discovery on Remaining Issues | July 13, 2015 |
| Close of Fact Discovery Related to Trial and Deadline for Filing Motions to Compel Related to Trial (remaining issues) | November 13, 2015 |
| Party with Burden of Proof to Designate Expert Witnesses and serve Expert Witness Reports on Remaining Issues | November 20, 2015 |
| Designate Rebuttal Expert Witnesses and serve Rebuttal Expert Witness Reports on Remaining Issues | December 14, 2015 |
| Close of Expert Discovery on Remaining Issues | January 8, 2016 |
| Deadline for Dispositive Motions and *Daubert* Motions related to Trial (Remaining Issues) | January 15, 2015 |
| Responsive Brief(s) Deadline | February 12, 2016 |
| Reply Brief(s) Deadline | February 19, 2016 |
| Final Pre-Trial Order | 7 days before Final Pre-Trial Conference |
| Final Pre-Trial Conference | As set by the Court |
| Ten-Day Jury Trial Date (Remaining Issues) | As set by the Court |

    c.    Identification of Persons to Be Deposed:

The parties will identify the witnesses each side wishes to depose and will cooperate in scheduling those depositions so that all necessary depositions will be completed on or before the close of fact discovery.

d. Deadline for Interrogatories:

The parties will serve interrogatories on opposing counsel or a pro se party on a schedule that allows timely responses on or before the close of fact discovery.

e. Deadline for Requests for Production of Documents and/or Admissions

The parties will serve requests for production and/or requests for admission on opposing counsel or a pro se party on a schedule that allows timely responses on or before the close of fact discovery.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

_____.

b. A final pretrial conference will be held in this case on __9/24/15__ at __9__ o'clock __A__m. ~~A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7)~~ days before the final pretrial ~~conference.~~

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

See section 9, above, Case Plan and Schedule. The defendant proposes a bifurcated discovery schedule resulting in two trials, with invalidity tried before infringement. Plaintiff objects to the defendant's proposed schedule, because no unusual circumstances exist that would justify this departure from the normal litigation process.

b. Anticipated length of trial and whether trial is to the court or jury.   10/13/15 - 9 days

The parties expect to need a total of five trial days on the infringement issues, and an

additional five trial days on the invalidity issues.

   c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado.

The parties do not make any such request.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13. AMENDMENTS TO SCHEDULING ORDER

Tthe scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 22 day of April, 2014.

BY THE COURT:

_/s/ Signature_
United States Magistrate Judge

APPROVED:

| /s/ Ann G. Fort | /s/ Alfred K. Wiedmann, Jr. |
|---|---|
| Ann G. Fort | Alfred K. Wiedmann, Jr. |
| Sutherland Asbill & Brennan LLP | Santangelo Law Offices |
| 999 Peachtree Street, NE | 125 South Howes, 3rd Floor |
| Atlanta, Georgia  30309 | Fort Collins, CO 80521 |
| Attorney for Plaintiff | Attorney for Defendant |