IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Judge R. Brooke Jackson

Civil Action No 1:14-cv-00319-RBJ

KNAPP LOGISTICS AUTOMATION, INC., f/k/a KNAPP LOGISTICS & AUTOMATION, INC.

    Plaintiff,

v.

R/X AUTOMATION SOLUTIONS, INC., a Colorado Corporation

    Defendant.

---

## STIPULATED ESI DISCOVERY PROTOCOL

Plaintiff Knapp Logistics Automation, Inc. (hereinafter referred to as "Knapp", or "Plaintiff") and Defendant R/X Automation Solutions, Inc. (hereinafter referred to as "RXAS", or "Defendant"), hereby stipulate and agree to this Discovery Protocol.

    1.    <u>Electronically Stored Information ("ESI")</u>. Discovery of ESI shall proceed in the following sequenced fashion:

        a. After receiving requests for document production, the producing party shall comply with its discovery obligations to conduct a reasonable and good faith search for responsive documents and ESI;

        b. Each producing party retains its right to maintain that certain sources of ESI are not reasonably accessible because of undue burden or cost, and they are advised that the parties' resources as indicated by their relative size is among

        the factors under FRCP 26(b)(2)(C)(iii) in considering proportionality principles as applied to the burden of discovery;

    c. If an inaccessible or burdensome objection is made, the producing party shall provide with the objection: i) a description of the ESI deemed inaccessible including at least all storage media(s), location(s), and format(s) (if applicable) for such information; ii) reason(s) why the ESI is deemed inaccessible, and iii) search and retrieval capabilities, software, processes, and cost estimates that would be necessary to access such ESI at each such location.

2. <u>Materials Included in ESI Production</u>. The following guidelines govern materials included and excluded from ESI production presumptively covered by this Discovery Protocol.

    a. ESI production includes documents and materials stored in electronic format.

    b. Subject to the understanding that each party reserves all rights to object or otherwise request, general ESI production responses will endeavor to include non-archival ESI from September 17, 2001 on, except as agreed upon by the parties or ordered by the Court.

    c. The parties continue to work toward consensus regarding the language of section 2.c. As of the filing of this Proposed Order, each party proposes as follows:

Plaintiff Knapp:

If a party contends that relevant ESI is located only on back-up media, and if the parties cannot agree on whether that back-up media should be searched, the issue will be handled as provided by Fed. R. Civ. P. Rule 26(b)(2)(B).

Defendant RXAS:

Subject to the understanding that each party reserves its rights to object or otherwise request if appropriate, initial ESI production responses, to the extent relevant, will

include ESI data for only the period September 17, 2001 to May 20, 2005 existing only on available archived data, where "archived data" means data no longer used by the party in its day-to-day operations. If a party contends that relevant ESI is located only on back-up media, and if the parties cannot agree on whether that back-up media should be searched, the issue will be handled as provided by Fed. R. Civ. P. Rule 26(b)(2)(B).

    d. Subject to the understanding that each party reserves its rights to request such information if appropriate, the following categories of electronically stored information need not be included in ESI production responses:

        i. "deleted," "slack," "fragmented," or "unallocated" data on hard drives;

        ii. random access memory (RAM) or other ephemeral data;

        iii. temporary on-line access data such as temporary internet files, history, cache, cookies, etc.;

        iv. voice mails not electronically indexed or otherwise known to be relevant to the request; and

        v. backup data that is substantially duplicative of data that is more accessible elsewhere.

3. <u>ESI Production Format</u>. ESI shall be produced according to the following formats:

    a. <u>Image file format</u>.

        i. All documents shall be produced as Group IV single page TIFF format files imaged at 300 dpi (preferred) or single or multi-page PDF format files.

    ii. Each TIFF or PDF file shall be named with a unique name matching the Bates number (image key) labeled on the corresponding page. The filename should not contain any blank spaces and should be zero padded.

  b. <u>Volume Names</u>. Each volume of production media must have its own unique name and a consistent naming convention (e.g., ZZZ_001 or SMITH001) must be used for every media delivery.

  c. <u>Data Load Files</u>.

    i. An image load file shall be provided that contains document and document attachment boundaries.

    ii. Full, extracted text from the body of each document will be produced in a .dat file containing the beginning and ending document numbers with both standard and Summation delimiters compatible with CT Summation iBlaze 2.8.

  d. <u>Native Production Documents</u>.

    i. The parties will produce documents in native format for files created by Excel or other spreadsheet programs, PowerPoint or other presentation programs, database programs, audio and visual files, and any other file types that reasonably require viewing in their native format for a full understanding of their content and meaning.

    ii. Web pages or HTML documents will be produced in HTML link active PDF format. Linked information designated in produced web pages not considered responsive need not be provided unless requested.

      iii. For files produced in native form, the parties will provide the file in native format with all metadata intact.

      iv. Native files should be produced with a file name indicating the Bates number and an image placeholder in the load file marked with a Bates number that that corresponds to the Natively produced file that states: "This document produced in Native format."

  e. <u>Confidentiality Designations</u>.

      i. All Confidential or Attorneys Eyes Only ESI ("Protected ESI") shall be designated in accordance with the terms of the Discovery Confidentiality Order or Discovery Protective Order (or other protective order).

      ii. For Protected ESI produced in image format (PDF or TIFF), the production images shall be marked with the appropriate confidentiality designation.

      iii. For Protected ESI produced in native format, the file name shall contain the appropriate confidentiality designation (e.g., SMITH0001_Confidential.xls). The corresponding image placeholder noted in 3.d.iv. above shall also be marked with the appropriate confidentiality designation.

4. <u>Metadata</u>. Where available, and unless otherwise agreed, the parties shall produce all automatically available metadata for each document in an accessible, searchable form such as a .dat file or the like. Excepting only audio and video files not otherwise having text available, all files will include a metadata field that is the searchable, full text of the document (extracted from the body of the

        document or standard OCR generated including embedded Bates numbering on each page).

5. <u>Email Production</u>.  The following specific requirements apply to email productions.

    a. Email production requests shall be responsive to the specific Requests for Production posed, rather than as a general discovery of a product or business.

    b. Email production requests shall be based on initial search terms to be negotiated by the parties for posed requests.  Search term combinations shall be tailored to particular Requests for Production.  Subject to the understanding that each party reserves its rights to object if appropriate, the parties shall cooperate to refine search terms based on results from the initial searches, if necessary.  Searches shall be conducted throughout all reasonably accessible media, and archived data as indicated in 2c above.  Resources and custodians searched shall be identified.

6. <u>Cost Shifting</u>.

    a. Each party shall bear its own costs in responding to any requests for discovery; however, each party shall have the right to request a shifting of costs pursuant to Federal Rule of Civil Procedure 26 prior to providing the required response, or to recover such costs as may be permitted by an award of costs to a prevailing party.

7. <u>Paper Document Production:</u>

    a. <u>Format</u>.  The parties shall produce documents maintained in paper format as scanned images in accordance with the production format described in 3.a.-c.

       above.  Paper documents may be scanned and produced in black and white unless the producing party plans to rely on the color in the documents. Additionally, the receiving party may request that documents produced in black and white be produced or made available for inspection and copying in color.

  b. <u>Confidentiality Designations.</u>

    i. All Confidential or Attorneys Eyes Only Paper Documents ("Protected Paper Documents") shall be designated in accordance with the terms of the Discovery Confidentiality Order.

    ii. For Protected Paper Documents scanned and produced in image format (PDF or TIFF), the production images shall be marked with the appropriate confidentiality designation.

8. <u>Inadvertent Disclosure</u>.

  a. The receiving party shall not thereafter use documents (either in electronic or paper form) that the producing party later asserts are attorney-client privileged or work product protected unless such assertion is denied by the Court.

  b. The parties intend to invoke the protections of Federal Rule of Evidence 502, and specifically 502(d) and (e).  If a party discovers through any means that it has inadvertently produced privileged materials, non-responsive information, or information that the producing party has objected to producing (collectively referred to as the "Inadvertently Produced Information"), the producing party may provide written notice to the receiving party that the material was inadvertently produced, which notice shall include a statement of the basis for

the producing party's contention that the material is privileged or is otherwise non-responsive to any then-pending discovery requests, or subject to an objection. After receiving such notice, the receiving party must promptly return, sequester, or destroy the Inadvertently Produced Information and any copies that it has. The receiving party may promptly present the Inadvertently Produced Information to the Court under seal for a determination of whether the information is discoverable and shall not use or disclose the information until there is an agreement or adjudication that the material is discoverable. If the receiving party disclosed the Inadvertently Produced Information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the Inadvertently Produced Information until all disputes regarding the discoverability of the information have been resolved. This protocol shall be deemed to comply with the party's obligation to take reasonable steps to prevent, identify and rectify inadvertent disclosure pursuant to Fed. R. Evid. 502(b). Entry of this Order by the Court shall specifically confer the rights and protections available to the parties under Fed. R. Evid. 502(d) and (e).

9. <u>Other Objections</u>. Nothing in this order shall prevent or limit a responding party from serving any applicable objections to discovery requests not specifically mentioned in this Discovery Protocol (e.g., relevance, privilege, overly burdensome, vague). Nor does any party waive its right to argue that the application of this protocol to a particular request is unduly burdensome or disproportionate.

DATED at Denver, Colorado, this 23rd day of May, 2014.

                                              BY THE COURT:

                                              _____
                                              United States District Judge

APPROVED:

| | |
|---|---|
| _/s/ Ann G. Fort_____ | _/s/ Alfred K. Wiedmann Jr._____ |
| Ann G. Fort | Alfred K. Wiedmann Jr. |
| Sutherland Asbill & Brennan LLP | Santangelo Law Offices, P.C. |
| 999 Peachtree Street, NE | 125 South Howes, 3rd Floor |
| Atlanta, Georgia  30309 | Fort Collins, CO  80521 |
| | |
| *Attorney for Plaintiff* | *Attorney for Defendant* |

9