UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00319-RBJ

KNAPP LOGISTICS AUTOMATION, INC.,

    Plaintiff,

v.

R/X AUTOMATION SOLUTIONS, INC.

    Defendant.
_____

**CONSENT PROTECTIVE ORDER**
_____

    Discovery in this case may involve the production of documents and/or witness testimony containing confidential information. For good cause shown, pursuant to Federal Rules of Civil Procedure 26(c) and 29,

    IT IS HEREBY ORDERED THAT:

    1.    This Order governs the handling of all Confidential Material (as defined herein), whether, by way of example and not limitation, it be documents, testimony, responses to discovery requests, tangible things, digital information, recordings, whether audio, video or otherwise, or other information, including copies, excerpts, and summaries of such material, that is produced, provided, or filed by Plaintiff Knapp Logistics Automation, Inc. ("Plaintiff" or "Knapp"),

Defendant R/X Automation Solutions, Inc. ("Defendant" or RXAS"), or any non-party during discovery or other proceedings in the litigation.

2. Any party or non-party shall have the right for purposes of this Order to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" any material that it in good faith reasonably believes contains non-public, confidential, personal, proprietary, trade secret, or other commercially and competitively-sensitive information (hereinafter "Confidential Material").  The party or non-party designating such Confidential Material is referenced herein as the "Designating Person."  The party or non-party that receives such Confidential Material is referenced herein as the "Receiving Party."

3. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential Material under this Consent Protective Order.

4. All Confidential Material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other

purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraphs 12 and 13 as applicable, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.  It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential Material, provided that such advice and opinions shall not reveal the content of such Confidential Material except by prior written agreement of counsel for the parties, or by Order of the Court.  Such Confidential Material may not be used or disclosed except as provided in this Order.

     5.    The designation of Confidential Material for purposes of this Order shall be made as follows:

(a)    at the time a Designating Person produces or otherwise provides documents, interrogatory responses, or other written material, the Designating Person shall have the term "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" stamped in a conspicuous place on each page containing Confidential Material, or otherwise indicated.  For protected ESI produced in image format (PDF or TIFF), the production images shall be marked with the appropriate confidentiality designation.  For Protected ESI produced in native format, the file name shall contain the appropriate confidentiality designation (e.g., SMITH0001_Confidential.xls).  The corresponding image placeholder shall also be marked with the appropriate confidentiality designation;

(b)     transcripts of depositions, other pretrial testimony, and exhibits thereto shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" by counsel for the Designating Person either by stating on the record at the time of disclosure that the testimony and/or exhibits are "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY", or by providing written notice within twenty (20) days after receipt of the final transcript that such testimony is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" and requesting that the transcript be clearly marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY"; or

(c)     at the time a Designating Person produces or otherwise provides other tangible things, the Designating Person shall have the term "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" stamped on or otherwise indicated for them in a prominent place.

(d)     Any document or other thing marked "ATTORNEYS' EYES ONLY" shall be considered to mean "CONFIDENTIAL/ATTORNEYS' EYES ONLY."

6.     Any copies, excerpts, summaries, or other disclosure of the substance or contents of any material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" shall also be treated as having the same designation and shall be appropriately marked with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY."

7.     In the event that a party or non-party inadvertently omits to apply a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES

-5-

ONLY" designation to any material at the time it is produced or disclosed, such party or non-party shall have the right to so designate such documents within a reasonable period of time after the omission comes to that person's attention.

8.  In the event that a Receiving Party disagrees with any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" designation, the Receiving Party and the Designating Person shall confer, pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Rule 7.1(a), and attempt in good faith to resolve the disagreement. If the disagreement is not resolved, the Receiving Party may challenge the designation, and the Designating Person shall have the burden of proving the propriety of the designation. Until the Court rules on such a challenge, the material shall be treated as it is designated and subject to the terms of this Order. No party is obligated to challenge the propriety of any designation at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

9.  Nothing herein shall prevent disclosure beyond the terms of this Order if the Designating Person specifically consents in advance in writing to such disclosure, or if a court, after notice to all parties, orders such disclosure.

10.     Any Designating Person shall not be restricted in any manner with respect to the use and/or disclosure of the Designating Person's own Confidential Material.

11.     Any documents or tangible things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain its protected confidential status only by Order of the Court, as outlined in the Court's Practice Standards (revised December 4, 2013).

12.     Documents and other material designated as "CONFIDENTIAL" pursuant to the terms of this Order may be disclosed only to:

(a)     any party;

(b)     any directors, officers, employees, or independent contractors of a party or its affiliates to whom the party's counsel of record reasonably believes disclosure is necessary to prepare for discovery, motions, briefs, trial, or appeal in this action, provided that such individuals consent in writing to be bound by the terms of this Order by executing the form confidentiality agreement attached hereto as Exhibit A;

(c)     the parties' outside counsel in this litigation and the parties' in-house counsel and their affiliates, employees, and service vendors to whom the Receiving Party's counsel reasonably believes is necessary to show such Confidential Material for purposes of this litigation;

(d)     any recipient, sender, or creator of such Confidential Material;

(e)     the Court, Court personnel and the jury;

-7-

(f)     any independent (unaffiliated with any party) experts, consultants, or independent contractors retained to advise or assist counsel of record for any party in the preparation, hearing, or trial of this action, and any of their employees or support personnel working on this action, provided that such individuals consent in writing to be bound by the terms of this Order by executing the form confidentiality agreement attached hereto as Exhibit A;

(g)     court reporters actually recording proceedings in this action; and

(h)     other persons as agreed to by the parties in writing or as permitted by the Court.

13.     Documents and other material designated as "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" pursuant to the terms of this Order may be disclosed only to:

(a)     the parties' outside counsel in this litigation and its affiliates, employees, and service vendors to whom the Receiving Party's counsel reasonably believes it necessary to show such Confidential Material for purposes of this litigation;

(b)     any recipient, sender, or creator of such Confidential Material;

(c)     the Court, Court personnel, and the jury;

(d)     any independent (unaffiliated with any party) experts, consultants, or independent contractors retained to advise or assist outside counsel of record for any party in the preparation, hearing, or trial of this action, and any of their employees or support personnel working on this action, provided that such individuals consent in writing to be bound by the terms of this Order by executing the form confidentiality agreement attached hereto as Exhibit A;

(e)     court reporters actually recording proceedings in this action; and

      (f)    other persons as agreed to by the parties in writing or as permitted by the Court.

14. Whenever any Confidential Material is disclosed or used at a deposition, such testimony shall be conducted only before those persons authorized under this Order to have access to such information. Use of Confidential Material in court proceedings will be addressed by motion.

15. Any Confidential Material that is produced prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if such Order had been entered by the Court as of the date such Confidential Material was produced.

16. The inadvertent or unintentional disclosure of material that is entitled to protection under this Order, regardless of whether the material was designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" at the time of the disclosure, shall not be deemed a waiver in whole or in part of the supplying party's or non-party's claim of confidentiality, either as to the specific material disclosed or as to any other information relating thereto or on the same or related subject matter.

17. If any Confidential Material that is governed by this Order is subpoenaed or requested by a court or by any other person or entity purporting to have authority to require the production of such information, the person to whom

the subpoena is directed (the "Subpoenaed Party") shall give prompt written notice by letter and email or facsimile to the Designating Person that includes a copy of the subpoena or request (unless prohibited by law or court order).  Such prompt written notice shall be given by the Subpoenaed Party to the Designating Person promptly, and no later than five (5) business days, after the Subpoenaed Party's receipt of the subpoena or request.  The date upon which such notice is given to the Designating Person shall be the "Notice Date."  After the receipt of such notice from the Subpoenaed Party, the Designating Person shall have the sole responsibility for promptly moving to quash the subpoena, moving for a protective order, or seeking any order it believes necessary to prevent disclosure of Confidential Material.  If the Designating Person does not move to quash the subpoena, move for a protective order, or seek another appropriate order within the time allowed by the subpoena or request (or within such time as a court may direct or as may be agreed upon between the Designating Person and the subpoenaing or requesting party) or give written notice of such motion to the subpoenaing or requesting party and the Subpoenaed Party, then the Subpoenaed Party may commence production in response thereto on the production date designated on the subpoena or request unless the production date is less than five (5) business days from the Notice Date.  In the event that the production date is less than five (5)

business days from the Notice Date, then the Subpoenaed Party must wait at least five (5) business days from the Notice Date before production unless otherwise directed by a Court.

      18.    All Confidential Material that is produced during the course of this action and all copies thereof, including copies stored in any electronic media, upon request, shall be either returned to the producing person or party or destroyed by the party to whom the information was produced within sixty (60) days of the final termination of this action, including appeals, except that counsel may retain one copy of the production, pleadings, correspondence, any trial or hearing testimony and exhibits thereto, and attorneys' notes relating to this action, subject to the other terms of this Order.

      19.    The inadvertent or unintentional production of any privileged or otherwise protected information shall be dealt with as discussed section 8 of the Stipulated ESI Discovery Protocol (D.I. 36):

    (a)    The receiving party shall not thereafter use documents (either in electronic or paper form) that the producing party later asserts are attorney-client privileged or work product protected unless such assertion is denied by the Court.

    (b)    The parties intend to invoke the protections of Federal Rule of Evidence 502, and specifically 502(d) and (e).  If a party discovers through any means that it has inadvertently produced privileged materials, non-responsive information, or information that the producing party has objected to producing (collectively referred to as the "Inadvertently Produced Information"), the producing party may

24136745.1

provide written notice to the receiving party that the material was inadvertently produced, which notice shall include a statement of the basis for the producing party's contention that the material is privileged or is otherwise non-responsive to any then-pending discovery requests, or subject to an objection.  After receiving such notice, the receiving party must promptly return, sequester, or destroy the Inadvertently Produced Information and any copies that it has.  The receiving party may promptly present the Inadvertently Produced Information to the Court under seal for a determination of whether the information is discoverable and shall not use or disclose the information until there is an agreement or adjudication that the material is discoverable.  If the receiving party disclosed the Inadvertently Produced Information before being notified, it must take reasonable steps to retrieve it.  The producing party must preserve the Inadvertently Produced Information until all disputes regarding the discoverability of the information have been resolved.  This protocol shall be deemed to comply with the party's obligation to take reasonable steps to prevent, identify and rectify inadvertent disclosure pursuant to Fed. R. Evid. 502(b).  Entry of this Order by the Court shall specifically confer the rights and protections available to the parties under Fed. R. Evid. 502(d) and (e).

20. The provisions of this Order shall continue to be binding until modified, superseded, or terminated by Order of the Court or by agreement of the parties.  The Court retains jurisdiction over the parties for enforcement of the provisions of this Order after the conclusion of the action.

21. Nothing contained in this Order shall prejudice the right of any party to seek an Order of this Court at any time to modify or dissolve this Order.

-12-

SO ORDERED, this 20th day of June, 2014.

*[signature: Brooke Jackson]*

R. BROOKE JACKSON
UNITED STATES DISTRICT JUDGE

CONSENTED AND AGREED TO:

| | |
|---|---|
| */s/ Ann G. Fort* | */s/ Alfred K. Wiedmann, Jr.* |
| Ann G. Fort | Luke R. Santangelo |
| ann.fort@sutherland.com | lsantangelo@idea-asset.com |
| Georgia Bar No. 269995 | Alfred K. Wiedmann, Jr. |
| Stephanie G. Stella | awiedmann@idea-asset.com |
| stephanie.stella@sutherland.com | SANTANGELO LAW OFFICES |
| Virginia Bar No. 77358 | 125 South Howes, 3rd Floor |
| SUTHERLAND ASBILL & BRENNAN LLP | Fort Collins, CO 80521 |
| 999 Peachtree Street, NE, Suite 2300 | |
| Atlanta, Georgia  30306 | *Attorneys for Defendant R/X Automation Solutions, Inc.* |

John M. Tanner
FAIRFIELD & WOODS, P.C.
1801 California Street, Suite 2600
Denver, CO 80202

*Attorneys for Plaintiff Knapp Logistics Automation, Inc.*

24136745.1

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I hereby acknowledge that I may receive materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY" ("Confidential Material") in discovery in the following action: *Knapp Logistics Automation, Inc. v. R/X Automation Solutions, Inc.* Case No. 1:14-cv-319-RBJ (the "Action"), pending in the U.S. District Court for the District of Colorado, Denver Division (the "Court").

I certify my understanding that this Confidential Material will be provided to me pursuant to the terms and restrictions of the Consent Protective Order entered on _____, 2014, in this Action (the "Order"). I further certify that I have been given a copy of and have read the Order, and I agree to be bound by its terms.

I understand that all Confidential Material and all working copies, computer data storage, digests, or abstracts prepared from this material are to remain in my personal custody until I have completed my assigned duties, if any, whereupon all such material and all of my notes which may contain any Confidential Material must be returned to the party or counsel who provided the materials to me.

I agree that the Confidential Material that I receive shall not be disclosed to anyone else, and that this Confidential Material shall not be used for any purpose other than to prepare for discovery, trial, or appeal in the Action.

I understand that any violation of this Order may subject me to sanctions by the Court. I further agree and do hereby submit myself to the jurisdiction of the Court for all matters concerning enforcement or violation of the Order.

This, the _____ day of _____, 2014.

Signature: _____

Printed Name: _____

24136745.1