IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Judge R. Brooke Jackson

Civil Action No 1:14-cv-00319-RBJ

KNAPP LOGISTICS AUTOMATION, INC., f/k/a KNAPP LOGISTICS & AUTOMATION,
INC.

Plaintiff,

v.

R/X AUTOMATION SOLUTIONS, INC., a Colorado Corporation

Defendant.

---

## DEFENDANT R/X AUTOMATION SOLUTIONS, INC.'S MOTION FOR PARTIAL

## SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT OF THAT MOTION

Defendant R/X Automation Solutions, Inc. (hereinafter "Defendant", or "RXAS")
respectfully moves for partial summary judgment of non-infringement as to those of RXAS' pill
counting product versions that include a feature whereby pill counting takes place only when the
counter door[1] is in a fully opened position (referred to hereinafter as the "only fully opened
counting feature").

In summary, there is simply no rational argument, fact interpretation, or claim
construction available that could reasonably result in a finding of infringement by the Defendant
for those versions that include the "only fully opened counting feature," particularly given

---

[1] The term "counter door" and any other terms that appear in any of the Asserted Patent's claims (such as
"canister"), as used herein, are meant to be convenient references for clarity only. Their uses are not admissions that
such terms, properly construed, are actually present in any of Defendant's product versions.

Plaintiff Knapp Logistics Automation, Inc.'s (hereinafter "Plaintiff", or "Knapp") own admissions as to the "only fully opened counting feature" manifested in the Product C version (which Plaintiff inspected).  Accordingly, Defendant moves for partial summary judgment of non-infringement as to those of Defendant's pill counting product versions that include the "only fully opened counting feature."[2]

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Augme Techs, Inc. v. Yahoo! Inc.,* 111 U.S.P.Q.2D (BNA) 1409, 1416 (Fed. Circ. 2014).......... 10

*Brilliant Instruments, Inc. v. GuideTech, LLC,* 707 F.3d 1342, 1346 (Fed. Circ. 2013).............. 10

*Brown v. 3M*, 265 F.3d 1349, 1352 (Fed. Circ. 2001) ................................................................... 9

*Celotex Corp. v. Catrett,* 477 U.S. 317 (U.S. Supreme Court, 1986)............................................ 6

*E-Pass Techs., Inc. v. 3Com Corp.*, 473 F.3d 1213, 1221 (Fed. Circ. 2007). ............................ 12

*High-Tech Medical Instrumentation v. New Image Indus.,* 49 F. 3d 1551, 1556 (Fed. Circ. 1995). ................................................................................................................................... 14

*Laser Tech., Inc. v. Nikon, Inc.,* 215 F. Supp. 2d 1135 (U.S. Dist. Colo. August 19, 2002)......... 6

*Moore U.S.A., Inc., v. Std. Register Col*, 229 F.3d 1091, 1106 (Fed. Circ. 2000)....................... 12

*Perkin-Elmer Corp. v. Westinghouse Elec. Corp.,* 822 F.2d 1528, 1532 (Fed. Circ. 1987). ....... 11

*Phillips v. AWH Corp.,* 415 F. 3d 1303, 1312 (Fed. Circ. 2005).................................................... 8

*Planet Bingo*, 472 F.3d 1338, 1345 (Fed. Circ. 2006)................................................................. 12

*Schoenhaus v. Genesco,* 440 F. 3d 1354, 1356 (Fed. Circ. 2006). ................................................ 6

---

[2] Note that the fact that this Motion's argument is limited to product versions having a certain feature, or to certain known product versions having such feature, or to only particular limitation(s) of the claims, should in no way be construed as a concession that summary judgment would be inappropriate to any of Defendant's other product versions, or based on any other limitations of the Asserted Patent's (US 8,601,776) claims.

*Slimfold Mfg. Co. v. Kinkead Indus.*, 932 F.2d 1453, 1457 (Fed. Circ. 1991) ............................ 13

*Telemac Cellular Corp. v. Topp Telecom, Inc.,* 247 F. 3d 1316, 1330 (Fed. Circ. 2001). ........... 14

*TIP Sys., LLC v. Phillips & Brooks/Gladwing Inc.*, 529 F.3d 1364 (Fed. Circ. 2008).................. 7

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.,* 520 US 17, 29 (U.S. Supreme Court, 1997) ....................................................................................................................................... 9

**<u>Regulations</u>**

37 C.F.R. 1.75(c) ................................................................................................................................ 3

## <u>STATEMENT OF UNDISPUTED FACTS</u>

For the purposes of this Motion, the following facts are believed undisputed:

On December 10, 2013, United States Patent No. 8,601,776 (hereinafter the "Asserted Patent") was issued to Plaintiff (attached hereto as Exhibit A). Plaintiff served Defendant with a Complaint of Patent Infringement based on the Asserted Patent on December 10, 2013.

Now at issue in Plaintiff's claim for patent infringement are particular versions of Defendant's products, specifically the Product C version, among others.  This motion for partial summary judgment concerns only those product versions that include the "only fully opened counting feature," such as the Product C version. As Plaintiff knows, the Product C version was referred to as the "New Unit" at Plaintiff's inspection on June 16, 2014 (see Exhibit B of Plaintiff's Infringement Contentions Document, attached hereto as Exhibit B).

The Asserted Patent contains only a single independent claim, Claim 1, which reads as follows: "A system for automated tablet dispensing comprising: a counter configured to count

tablets, the counter comprising: a secure door; a sensor configured to count the tablets; and a

hopper assembly configured to receive the tablets through the secure door and transfer the tablets

to the sensor; and a closed canister removably engaged with the secure door of the counter and

configured to hold the tablets for delivery through the secure door of the counter and into the

hopper assembly; <u>wherein the counter is configured to count the tablets when the secure door of

the counter is open and closed</u>." (emphasis added, see claim 1 in column 15 of Exhibit A)

The Asserted Patent contains 19 other claims, for a total of 20 claims. However, claims 2-

20 each depend from independent Claim 1, and for that reason all such dependent claims also

include all of the limitations of Claim 1, including the limitation "wherein the counter is

configured to count the tablets when the secure door of the counter is open and closed"

(hereinafter referred to as the "open and closed" counting limitation).  *See* 37 C.F.R. 1.75(c),

stating "Claims in dependent form shall be construed to include all the limitations of the claim

incorporated by reference into the dependent claim."  Accordingly, this limitation is present in

every single one of the claims of the Asserted Patent.

On June 16, 2014, Plaintiff was given the opportunity to inspect several of Defendant's

product versions. Among the versions it inspected was the Product C version. That version was

referred to as the "New Unit" at the inspection. The "New Unit" from the inspection, along with

certain of Defendant's other product versions, includes a sensor feature that disables pill

counting when the counter door is in anything other than a fully opened position. If the door is

even slightly closed, the counter will not work and will display the message: "COUNTER

STOPPED MAIN HOPPER DOOR NOT OPEN." This is unequivocally established by the

affidavit from Tim Chambers (attached hereto as Exhibit C), and was even acknowledged by Plaintiff in Exhibit B following its inspection.

On July 28, 2014, Plaintiff filed a document disclosing its infringement contentions, hereinafter referred to as the "Infringement Contentions Document" (which is the second, or Amended, Infringement Contentions Document filed by Plaintiff, attached as Exhibit B). The purpose of the Infringement Contentions Document is for Plaintiff to give a detailed account of why it believes the product versions at issue in this lawsuit infringe particular claims of the Asserted Patent. As to the Product C version, the Plaintiff admitted that the "open and closed" counting limitation is not present, stating as follows:

> Product C includes a sensor feature … (arrow K) [that] is programmed to **halt and/or prevent operation** of the Script Count [Product C] for its intended purpose, i.e., counting tablets, when the secure door of the counter is in **any position other than a *fully*-opened position**, when the sensor is aligned with a machined hole (arrow L) in the secure door of the counter. (See Exhibit B at B20.) The system displays a message when said secure door is in any position other than fully opened: "COUNTER STOPPED MAIN HOPPER DOOR NOT OPEN" (arrow M).)

*See* page 3 of Exhibit A of Infringement Contentions Document (attached hereto as Exhibit B, emphasis added). Plaintiff correctly admits that the Product C version counts only when its counter door is "*fully*-opened" (underlining added for emphasis). Plaintiff's Infringement Contentions Document proposes that this feature should not be included in the design, or that because new software could be written to change that feature, this version somehow should be deemed to infringe its limited patent, stating as follows:

> This sensor feature, which Defendant added as a purported design-around feature, serves no purpose other than an attempt to design around asserted independent Claim 1, and indeed **impedes the function** of the Script Count for its intended purpose, as illustrated in the still images excerpted from the video recording of Knapp's June 16 inspection of Accused Products B and C (attached as Exhibit B hereto). The sensor, however, is easily disabled, for example, through a minor **adjustment to the software**, or by extending the machined hole (arrow L) so that the sensor is not engaged whether the secure door is opened or closed."

See page 4 of Exhibit A of Infringement Contentions Document (attached hereto as Exhibit B, emphasis added).  Plaintiff accurately notes that Defendant's Product C version does not count and is unable to count when its counter door is in any position other than a fully opened position.

## ARGUMENT

Summary judgment is proper if the record, together with the affidavit, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. As the U.S. Supreme Court has recognized:

> …[T]he plain language of Rule 56(c) mandates the entry of summary judgment,    after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*-Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).

This standard applies in patent cases as well. Indeed, claim limitations with such evident meaning can be determined on summary judgment prior to any *Markman* hearing because there can be no genuine dispute as to this material fact. Any device that infringes the Asserted Patent must be "configured to count the tablets when the secure door of the counter is open **and**

closed." (emphasis added) For example, in *Schoenhaus v. Genesco,* the United States Court of Appeals for the Federal Circuit (which has exclusive appellate jurisdiction for district court infringement cases) upheld a district court's grant of summary judgment of non-infringement to defendants despite the fact that "Senior Judge Louis H. Pollak did not issue a separate Markman order." 440 F. 3d 1354, 1356 (Fed. Circ. 2006).  "[R]ather, in a carefully-crafted summary judgment opinion, he construed two limitations of claim 1 of the patent and found as a matter of law that neither limitation was present in the accused shoes." *Id.*  This Court has the authority to determine the same without conducting a separate *Markman* hearing.  See, e.g., *Laser Tech., Inc. v. Nikon, Inc.,* 215 F. Supp. 2d 1135 (U.S. Dist. Colo. August 19, 2002).  No separate hearing or other proceeding is required, or necessary. Because of the elementary, straightforward claim limitation required here – to be covered it must count when the door is "open **and** closed" – no separate hearing or proceedings are required to rule on this summary judgment motion in the instant case.

Product versions that include the "only fully opened counting feature" cannot, as a matter of law, infringe the Asserted Patent. No reasonable fact finder could find infringement.  The Court should thus dispose of approximately half of the issues in the case by ruling in Defendant's favor on this Motion. It should do so because there is no genuine issue as to any material fact in this regard. According to *Celotex,* it must do so and so save time and resources for itself and both parties, and significantly narrow the scope of the case as it proceeds.

**Summary judgment should be granted because product versions with the "only fully opened counting feature" do not and cannot count pills when the door is "open and closed." Plaintiff admits as much, and accordingly these product versions do not and cannot infringe any claim of the Asserted Patent.**

Under the All Elements Rule, all elements, or limitations, of a claim must be present in a product, either literally or under the Doctrine of Equivalents, for that product to infringe. *TIP Sys., LLC v. Phillips & Brooks/Gladwing Inc.*, 529 F.3d 1364 (Fed. Circ. 2008). Further, where a patent includes only one independent claim (as the Asserted Patent does), all other claims of the patent are dependent claims. In the Asserted Patent, Claim 1 is independent and Claims 2-20 depend from that independent claim. Claims 2-20 therefore include all of Claim 1's limitations, including the aforementioned "open and closed" counting limitation. A determination that a product version lacks even one of the limitations of Claim 1 of the Asserted Patent is a determination that such product version does not and cannot infringe the Asserted Patent. This case requires the Plaintiff to prove that the accused product version meets the "open and closed" counting limitation. Recall that Plaintiff's Infringement Contentions Document acknowledges that Defendant's Product C version counts only when its counter door is "*fully* opened." This fact shows how there is neither literal infringement nor infringement under the Doctrine of Equivalents. Assertions that the Product C version should not have this design or that a different product could be made by writing new software are simply immaterial. Defendant's product versions that include the "only fully opened counting feature" (the Product C version) lack the "open and closed" counting limitation present in each of the Asserted Patent's claims. Accordingly, Plaintiff's accurate recognition and admission of Defendant's "only fully opened counting feature" means that there is no genuine issue as to any material fact, and summary judgment as to those product versions is appropriate.

Importantly, no reasonable fact finder could determine that the "open and closed" counting limitation of all claims in the Asserted Patent, under any reasonable construction, can

be found in any of Defendant's product versions having the "only fully opened counting feature." Accordingly, Plaintiff has not made and cannot make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. Defendant is thereby entitled to summary judgment as further detailed below.

**A. _Product C Versions do not Present Literal Infringement_**: Examination of the "open and closed" counting limitation of all claims in the Asserted Patent, performed in the light most favorable to Plaintiff as required by Rule 56, makes it clear that literal infringement does not exist in any product version with the "only fully opened counting feature." The Plaintiff cannot ignore the requirement of operating to count when "closed" because every element in the patent claim is deemed material to the scope of the patent. See _Warner-Jenkinson, infra._  For literal infringement to be found, "closed" would need to mean "fully opened."

Of course, the term "closed" does not mean "fully opened." The "open and closed" counting limitation cannot mean "only fully opened."  This would be a patently nonsensical and utterly unreasonable interpretation, and it should not be entertained by the Court. Plaintiff does not even ask the court to entertain such a construction, but nonetheless it will be addressed in more detail below.

Case law on claim construction acknowledges the importance of the "ordinary and customary meaning" of claim terms. _Phillips v. AWH Corp.,_ 415 F. 3d 1303, 1312 (Fed. Circ. 2005). Even where the _Phillips_ case recognizes that a specification can sometimes reveal a special definition that differs from the meaning it would otherwise possess, here there is no special definition.  It is open and shut that "open and closed" means "open and closed." No such

intentional redefinition of the term "closed" to exclusively mean only "fully opened" is present within the specification. Further, even if it were present, such a nonsensical alteration of the plain meaning of a word is not the type of "special definition" that the *Phillips* court contemplated. "Fully opened" is the exact opposite of the evident meaning of the term "closed," and is not (nonsensically) redefined as such in the Asserted Patent. Accordingly, this Motion should be granted.  The construction required for the term "closed" does "not require elaborate interpretation" (see *Brown v. 3M*, 265 F.3d 1349, 1352 (Fed. Circ. 2001)), and is among the following situations addressed by the *Phillips* Court:

> In some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words.

*Phillips, supra* at 1314. "Closed" is a commonly understood word with a widely accepted meaning, which is not, and cannot be, "fully opened."

Similarly, the Plaintiff—and this Court—cannot ignore the literal "open and closed" counting limitation because the only way the Product C version, with its "only fully opened counting feature," could be covered would be if the term "closed" were entirely ignored.  This is clearly impermissible under the law. *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.,* 520 US 17, 29 (U.S. Supreme Court, 1997) ("Each element contained in a patent claim is deemed material to defining the scope of the patented invention…")

No issue of claim construction is required to determine that the term "closed" as used in the "open and closed" counting limitation cannot literally cover a counter that does not count when the door is in anything but the "fully opened" position. All of Defendant's product versions

that include the "only fully opened counting feature" cannot reasonably be said to include that literal limitation. There is no need for any portion of the *Markman* proceedings to devote time and resources to determining that which is entirely clear through common sense--that the term "closed" does not mean only "fully opened." The Court should conclude that no product versions with the "only fully opened counting feature" can literally infringe the Asserted Patent.

**B. Product C Versions are not an Equivalent***:* This Court should also assess coverage under the Doctrine of Equivalents. Again, there is no rational argument for invoking that doctrine as to any of Defendant's product versions with the "only fully opened counting feature." To assess infringement under this doctrine, the Court is required to apply the "insubstantial differences test." Here, "[[t]]o find infringement under the doctrine of equivalents, any differences between the claimed invention and the accused product must be insubstantial." *Brilliant Instruments, Inc. v. GuideTech, LLC,* 707 F.3d 1342, 1346 (Fed. Circ. 2013). "One way of proving infringement under the doctrine of equivalents is to show, for each claim limitation, that the accused product 'performs substantially the same function in substantially the same way with substantially the same result as each claim limitation of the patented product.'" *Id.;* see also *Warner-Jenkinson, supra* at 40 (stating the inquiry as "whether the substitute element matches the function, way, and result of the claimed element"). To survive summary judgment of non-infringement under the doctrine of equivalents, Knapp has to present evidence of equivalence under each prong of the function-way-result test. *Augme Techs, Inc. v. Yahoo! Inc.,* 111 U.S.P.Q.2D (BNA) 1409, 1416 (Fed. Circ. 2014). Each of the function, the way, and the result must be shown by Knapp.[3]

---

[3] The statement, "That a claimed invention and an accused device may perform substantially the same function and may achieve the same result will not make the latter an infringement under the doctrine of equivalents where it

Knapp cannot prove that the Defendant's product versions that include the "only fully opened counting feature" should be deemed equivalent because the differences are substantial and the function, the way, and the result are not substantially the same. Counting only when fully opened is the polar opposite of counting when "open and closed," thus the two designs are not insubstantially different. As the Plaintiff admits, these product versions of the Defendant count only when the door is fully opened and so do not perform substantially the same function as this patent claim limitation, namely, counting when "open and closed." These product versions of the Defendant achieve the function by refusing to count unless the door is fully opened, and so do not work in substantially the same way as this patent claim element, namely, allowing counting when "open and closed." Perhaps most telling is the result of these product versions. If the door of these product versions of the Defendant is even slightly closed, the result is an error message stating "COUNTER STOPPED," whereas the patent claim limitation's result is continued counting—the polar opposite result.

Plaintiff even admits in its Infringement Contentions that the "only fully opened counting feature" of these product versions "impedes the function of the Script Count for its intended purpose" (page 4 of Exhibit A of Infringement Contentions Document, attached hereto as Exhibit B, emphasis added). Clearly, the "only fully opened counting feature" product versions perform a substantially different function from the "open and closed" counting limitation. No reasonable jury could find equivalence, so the Court must grant summary judgment.

___

performs the function and achieves the result in a substantially different way." emphasizes the requirement that each the function, way and the result must be shown as matching. *Perkin-Elmer Corp. v. Westinghouse Elec. Corp.,* 822 F.2d 1528, 1532 (Fed. Circ. 1987).

Defendant's product versions featuring the "only fully opened counting feature" are the polar opposite of the limitation requiring counting when the counter door is "open and closed." Defendant's product versions with the "only fully opened counting feature" count only when the counter door is "fully opened."  Established law makes it clear that the Doctrine of Equivalents cannot operate to expand coverage of a claim to include a device with a feature that is the exact opposite of a limitation.[4]  No reasonable fact finder could find equivalence.  The Federal Circuit echoes this sentiment when it states that the "All Elements Rule may foreclose resort to the Doctrine of Equivalents where the evidence is such that no reasonable jury could conclude that an element of an accused device is equivalent to an element called for in the claims…." *E-Pass Techs., Inc. v. 3Com Corp.*, 473 F.3d 1213, 1221 (Fed. Circ. 2007). Accordingly, Defendant is entitled to summary judgment of non-infringement as to all product versions with the "only fully opened counting feature."

### C. Plaintiff's Arguments for Infringement Despite Omission of the "open and closed" Counting Limitation are Improper:  In its Infringement Contentions Document, Plaintiff does

not attempt to assert the nonsensical construction that the term "closed" can somehow mean only "fully opened." Plaintiff instead offers two contentions as to why the absence of the "open and closed" counting limitation from Defendant's product versions having the "only fully opened counting feature" does not preclude a finding of infringement.  First, it claims that the sensor of the Product C version that enables the "only fully opened counting feature" is an undesirable

---

[4] *Planet Bingo*, 472 F.3d 1338, 1345 (Fed. Circ. 2006) (concluding that determining a winning combination *after* a game starts was not equivalent to determining a winning combination *before* the game starts); *Moore U.S.A., Inc., v. Std. Register Col*, 229 F.3d 1091, 1106 (Fed. Circ. 2000) ("[I]t would defy logic to conclude that a minority – the very antithesis of a majority – could be insubstantially different from a claim limitation requiring a majority, and no reasonable juror could find otherwise.").

design because it prevents operation for its intended purpose, "i.e., counting tablets, when the secure door of the counter is in any position…." (Infringement Contentions Document, Page 3). Second, it claims there could be a different product version, stating that these product versions could be modified to render the "only fully opened counting feature" ineffective, thereby allowing for counting when the door is "open and closed." It even postulates the possibility that new software that would allow the counter to count when the door is "open and closed" could be written and implemented, or that mechanical alterations could be made to disable the sensor itself. However, the law flatly contradicts Plaintiff's contentions.

It is important to note that neither of these arguments are factual disputes. Plaintiff and Defendant agree that the Product C version does not include the "open and closed" counting limitation.

Plaintiff's first argument that these product versions present an undesirable design that is an intentional design-around—even if it were true—is immaterial to the question of infringement. As the Federal Circuit has explicitly stated:

> The district court … appears to have been overly concerned with the fact that the … door was deliberately designed to avoid infringement of the Ford patent. Intentional 'designing around' the claims of a patent is not by itself a wrong which must be compensated by invocation of the doctrine of equivalents. **Designing around patents is, in fact, one of the ways in which the patent system works to the advantage of the public in promoting progress in the useful arts, its constitutional purpose.**

*Slimfold Mfg. Co. v. Kinkead Indus.*, 932 F.2d 1453, 1457 (Fed. Circ. 1991) (emphasis added). The well-established All Elements Rule remains applicable despite the reason for including any

feature in an accused product version. What matters is the obvious absence of the "open and closed" counting limitation in all of Defendant's product versions with the "only fully opened counting feature."

Plaintiff further argues that the sensor feature actually impedes what the Plaintiff deems its intended function of Defendant's product version.  Defendant explicitly disagrees. However, Defendant notes that, even if Plaintiff's assertion was accurate, this argument proves nothing of legal relevance (and, incidentally, ought to alleviate its fear of competing with such product versions in the marketplace). Plaintiff's argument serves as a tacit admission that Defendant's product versions with the "only fully opened counting feature" do not include the "open and closed" counting limitation of all claims of the Asserted Patent. It also establishes that such product versions do not and cannot meet the insubstantial differences or function/way/result test for invoking the Doctrine of Equivalents because this "impeding" points clearly to a substantial difference.

Plaintiff's second argument is that there could be a different product version where the software could be modified or the sensor could be mechanically altered to cause Defendant's product versions to count when the door is open and closed. First, Defendant does not concede anything relative to the modification potential of its product versions, and particularly does not concede that the alterations Plaintiff proposes would be "easy." Second, however, even if the product versions could be modified as Plaintiff postulates, this would be legally irrelevant. See *Telemac Cellular Corp. v. Topp Telecom, Inc.,* 247 F. 3d 1316, 1330 (Fed. Circ. 2001). "Under the precedent of this circuit, however, that a device is capable of being modified to operate in an

infringing manner is not sufficient, by itself, to support a finding of infringement." In general

regard to any products in the marketplace, almost any product version could be modified to

operate in a manner that would infringe a competitor's patent but the Federal Circuit refuses to

consider this possibility in its assessment of patent infringement, *Id.;* see also *High-Tech Medical*

*Instrumentation v. New Image Indus.,* 49 F. 3d 1551, 1556 (Fed. Circ. 1995), perhaps because it

would dramatically expand the coverage of patent claims in unpredictable ways.  What does

legally matter in the infringement inquiry is the state of the product version as made, and it is

clear that Defendant's product versions with the "only fully opened counting feature" do not, as

made, include the "open and closed" counting limitation, whether literally or under the Doctrine

of Equivalents. Because that limitation is present in all claims of the Asserted Patent, such

product versions do not and cannot infringe that patent. Defendant is therefore entitled to

summary judgment of non-infringement relative to such product versions.

Accordingly, no reasonable analysis could conclude, under either a literal or equivalence

theory, that any of Defendant's product versions having the "only fully opened counting feature"

infringe any claim of the Asserted Patent.  Defendant is therefore entitled to summary judgment

as to such product versions.

## **CONCLUSION**

This Court has the authority and obligation to assess this claim limitation in the context

of a summary judgment motion. It can save time and resources by doing so because this claim

limitation – and its absence from Defendant's products having the "only fully opened counting

feature" – is clear. In the instant matter, the Court can and should eliminate approximately half of the entire case.

There is no genuine issue of material fact. Even Plaintiff admits that Defendant's Product C version counts only when its counter door is "fully opened."  In light of that fact, and others, the applicable law allows only one conclusion – any of Defendant's product versions that possess the "only fully opened counting feature" do not and could not be deemed by any reasonable finder of fact to infringe any claims of the Asserted Patent. Such product versions do not "count the tablets when the secure door of the counter is open and closed" as all of the Asserted Patent's claims require.

A counter with the "only fully opened counting feature" is the polar opposite of a counter with the "open and closed" counting limitation.  Plaintiff's arguments about different designs and modifiability are contrary to established Federal Circuit law.

The Plaintiff cannot prove a required element of its case. For infringement to hold, it must prove that the "open and closed" counting limitation is present in Defendant's product versions having the "only fully opened counting feature." It simply cannot do so. The Court should avail itself of the opportunity to eliminate approximately half of the issues in the entire proceeding because the absence of the "open and closed" counting limitation makes this an open-and-shut case.

Accordingly, Defendant moves for partial summary judgment of non-infringement as to those of Defendant's product versions that include the "only fully opened counting feature."

Respectfully submitted this 15th day of September, 2014.


/s/ Alfred K. Wiedmann Jr.
**Alfred K. Wiedmann Jr.**
Colorado State Bar No. 33895
SANTANGELO LAW OFFICES
125 South Howes, 3rd Floor
Fort Collins, CO 80521
(970) 224-3100
AWiedmann@idea-asset.com
Attorney for Defendant R/X AUTOMATION SOLUTIONS, INC.

/s/ Luke R. Santangelo
**Luke R. Santangelo**
Colorado State Bar No. 13447
SANTANGELO LAW OFFICES
125 South Howes, 3rd Floor
Fort Collins, CO 80521
(970) 224-3100
LSantangelo@idea-asset.com
Attorney for Defendant R/X AUTOMATION SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of September, 2014, I sent via email a true and correct copy

of the foregoing to the following:

Ann G. Fort
Stephanie G. Stella
SUTHERLAND ASBILL & BRENNAN LLP
999      Peachtree St. NE, Suite 2300
Atlanta, GA  30309
ann.fort@sutherland.com
Stephanie.stella@sutherland.com

John M. Tanner
Fairfield and Woods, P.C.
1801 California St., Suite 2600
Denver, CO  80202
jtanner@fwlaw.com

/s/ Alfred Wiedmann Jr.
Alfred Wiedmann Jr.
