UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00319-RBJ

KNAPP LOGISTICS AUTOMATION, INC.,

    Plaintiff,

v.

R/X AUTOMATION SOLUTIONS, INC.

    Defendant.
_____

**PLAINTIFF KNAPP LOGISTICS AUTOMATION, INC.'S
MOTION FOR RULE 56(D) RELIEF**
_____

    Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, and in response to Defendant R/X Automation Solutions, Inc.'s ("RXAS") Motion for Partial Summary Judgment (the "SJ Motion"), Plaintiff Knapp Logistics Automation, Inc. ("Knapp") respectfully submits that the Court should deny or defer ruling on the SJ Motion so Knapp can pursue additional discovery of information in the exclusive possession of RXAS.

    On September 15, 2014, Defendant RXAS filed its SJ Motion seeking a determination that its "Product C versions" do not infringe any claim of Knapp's asserted patent. [Docket #44]. As explained below, RXAS's premature and piecemeal approach makes little sense at this stage of the case, where the parties are in the early stages of discovery. A mere seventeen days before filing the SJ Motion, on August 29, 2014, RXAS made its first – incomplete – production of documents. Furthermore, the SJ Motion is premised on Knapp's non-final Infringement Contentions (which were served prior to RXAS's document production) and an affidavit from

RXAS's president, who has yet to be cross-examined by Knapp. Tellingly, RXAS was unwilling even to ask Knapp to update its non-final Infringement Contentions before filing the SJ Motion because its own document production was deficient. RXAS holds within its exclusive possession information necessary for Knapp to oppose more fully[1] the SJ Motion. Thus, the Court should deny or delay ruling on the SJ Motion.

Furthermore, the parties have not yet had the opportunity to develop the claim construction record in order to provide a foundation for the Court to rule on the disputed claim terms. Lacking a clear understanding of the claim terms from which to determine infringement, the Court should deny or delay ruling on the SJ Motion until after the conclusion of claim construction and fact discovery.

## I. BACKGROUND

On February 2, 2014, Knapp filed its First Amended Complaint against RXAS asserting claims for patent infringement against RXAS's Script Count product [Docket #4], and RXAS filed an answer on February 24, 2014 [Docket #12]. Based on a partially agreed-to case schedule between the parties, on April 22, 2014 the Court entered a Civil Scheduling Order [Docket #33]. On June 26, 2014 the Court entered a Modified Scheduling Order [Docket #42] setting the following deadlines relevant to this motion:

| Parties exchange proposed claim terms for construction | September 26, 2014 |
| --- | --- |
| Parties exchange preliminary claim constructions and extrinsic evidence | October 10, 2014 |
| Parties file opening claim construction briefs | November 24, 2014 |
| Claim construction hearing before Court | January 22, 2015 |

---

[1] Knapp files concurrently herewith its opposition paper setting forth additional reasons why the Court should deny the SJ Motion.

2

| Knapp's service of final infringement contentions | March 13, 2015 (or 28 days post-claim construction order) |
| --- | --- |
| Close of fact discovery | April 30, 2015 |

[Docket #42].

Discovery in this case is in its early stages. Knapp served document requests on July 21 and October 6, 2014 to RXAS, seeking, *inter alia*, information related to the design, development, marketing, and sales of all RXAS product versions. (Ex. E and Ex. F)[2]. Knapp also served a set of amended infringement contentions on July 28, 2014 (filed with the SJ Motion, Docket #44-2 "Infringement Contentions"). The Infringement Contentions clearly state that they were provided on a preliminary basis, and are subject to supplementation as discovery progresses:

> **Knapp provides these representative examples of infringement based upon presently available information without prejudice to its right to supplement its infringement contentions as discovery progresses.** Discovery in this matter is at an early stage. Investigation concerning the accused products and potential grounds of infringement is ongoing. **This disclosure is** therefore based upon information Knapp has been able to obtain publicly, together with Knapp's current good faith beliefs regarding the accused products, and its June 16, 2014 inspection of two of Defendant's three known and accused products, and is **given without prejudice to Knapp's right to supplement or amend its disclosure as additional facts are ascertained, analyses are made, and claims are construed**.

(Infringement Contentions at 1-2).

RXAS did not produce documents until August 29, 2014, nearly a month *after* Knapp served its non-final Infringement Contentions. The production was, however, badly incomplete.

---

[2] A copy of all cited exhibits are attached as Exhibits E through J to the Declaration of Ann G. Fort, sworn to on October 9, 2014 and submitted herewith ("Fort Declaration"). All references to "Ex." Herein refer to exhibits attached to the Fort Declaration.

After reviewing the production, Knapp sent RXAS a letter on October 4, 2014, highlighting the deficiencies and requesting supplementation of missing information. (Ex. G). As of this filing, RXAS has not supplemented its interrogatory responses, or document production related to Product C, and therefore has not complied with its discovery obligations.

Seventeen days after making its first document production, on September 15, 2014, RXAS filed its SJ Motion. The SJ Motion argues that Knapp has not shown infringement by Product C based on the non-final Infringement Contentions and an affidavit from RXAS's president, Tim Chambers. [Docket #44]. In his affidavit, Mr. Chambers provides conclusory opinion testimony concerning the design, function, and structure of Product C [Docket #44-3 at ¶¶4-7]. The current record is woefully inadequate for an effective examination on these or any other issues in this case at this time. Mr. Chambers has not been made available for cross-examination on the statements made in his declaration on a basis that would permit Knapp to take more than one deposition of Mr. Chambers.

## II. ARGUMENT AND CITATION OF AUTHORITY

In accordance with Federal Rule of Civil Procedure 56(d), the Court should deny the SJ Motion or defer consideration to (A) allow Knapp to take the discovery needed to respond to the Motion and to serve its final infringement contentions pursuant to the Scheduling Order, and (B) allow the parties to fully develop the claim construction record so that the Court may rule on the disputed claim under the process outlined in the Scheduling Order. Both of those issues are addressed in more detail below:

A.     Knapp Meets The Four-Part Test For Relief To Be Granted Under Rule 56(d)

When a nonmoving party to a summary judgment motion "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the Court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). The general principle of Rule 56(d) is that "'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition.'" *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). "The movant's exclusive control of such information is a factor weighing heavily in favor of relief under Rule 56[(d)]." *Id*.

To satisfy the showing required by Rule 56(d), a party seeking to defer a ruling on summary judgment "must provide an affidavit explaining why facts precluding summary judgment cannot be presented." *Brosh v. Duke*, Case No. 12-cv-337, 2013 U.S. Dist. LEXIS 64340, at * 3 (D. Colo. May 6, 2013) (citing *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010)). Specifically, the affidavit must identify (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment. *Id*.

Pursuant to Rule 56(d), Knapp submits herewith the Fort Declaration and the Declaration of Stephen J. Derby (hereinafter Derby Declaration), Knapp's technical expert. As explained

below, the Fort Declaration and Derby Declaration establish that Knapp meets the four elements required by the Tenth Circuit to grant relief under Rule 56(d).

> *1. The Probable Facts Not Available Include Discovery From RXAS Of Technical Details Regarding Product C*

RXAS's motion is premised on at least two issues that are currently undecided. First, RXAS asserts that Product C does not meet the last disputed limitation in claim 1 of the asserted patent. (SJ Motion at 9-13). Second, RXAS asserts that Knapp's non-final Infringement Contentions do not show that Product C does not meet that claim limitation. (SJ Motion at 8). Despite RXAS's assertions, the probable facts are that (1) under a proper construction of the disputed claim term, RXAS's Product C meets the claim limitation, and (2) document discovery from RXAS and testimony from RXAS witnesses and third party witnesses will establish the structure and function of Product C in detail much greater than the self-serving, conclusory affidavit of RXAS's President, so Knapp and this Court can determine whether the claim limitation is met. Material factual issues remaining for discovery that are not presently available include:

- The veracity of Tim Chambers's affidavit submitted in support of the SJ Motion.
- Testimony from RXAS personnel and third party witnesses, including RXAS customers, regarding the design and function of Product C.
- The design and function of Product C, including how the software operates and how the hardware is setup, through inspection of RXAS's source code and analysis of wiring diagram, schematics, and other hardware documentation.
- How RXAS converted Product B to Product C, including modifications to Product B software.
- The ability to convert Product C back to Product B, including adjustments to the software or hardware, and any RXAS communications with customers regarding such conversions.

- Differences between the various Product C "versions" based on the above material facts for discovery that RXAS has not produced.

(Fort Declaration ¶15). Until RXAS produces the above information and Knapp has had an opportunity to take those depositions, Knapp is unable to oppose fully the SJ Motion.

     2.  *The Unavailable Facts Cannot Be Presented Because They Are In the Exclusive Possession Of RXAS Or Of Its Customers*

"The movant's exclusive control of such information is a factor weighing heavily in favor of relief under Rule 56[(d)]." *Price ex rel. Price*, 232 F.3d at 783.

As noted in Knapp's concurrently filed Opposition to the SJ Motion, Knapp currently believes that the facts are sufficient to establish infringement by Product C. Knapp cannot currently present all facts necessary to make its full case opposing the SJ Motion, however, because documents, testimony, and other information relating to whether Product C meets the claim limitation to be construed by the Court are largely in control and possession of RXAS. The discovery period in this case is currently ongoing and RXAS has yet to comply with its discovery obligations in response to Knapp's first and second document requests and interrogatories regarding, *inter alia*, Product C. After making an incomplete document production on August 29, 2014, Knapp sent RXAS a letter highlighting the deficiencies and seeking repair of the outstanding issues on October 4, 2014. (Ex. G). In addition, Knapp has not deposed RXAS's president Tim Chambers based on his affidavit supporting the SJ Motion and relevant documents that RXAS will produce during the discovery period, or deposed other relevant RXAS and third party witnesses on a developed documentary record.

### 3. Additional Time Will Enable Knapp To Obtain Technical Details Regarding Product C To Rebut RXAS's Motion For Summary Judgment

Additional time will allow Knapp to conduct discovery regarding Product C that will enable Knapp to oppose more fully RXAS's Motion. At the very least, the Court should defer ruling on the SJ Motion. In *Baron Services, Inc. v. Media Weather Innovations LLC*, 717 F.3d 907 (Fed. Cir. 2013), the Federal Circuit vacated denial of a Rule 56(d) motion and also vacated grant of summary judgment of non-infringement for two reasons also present here. First, the Court held that plaintiff should have the opportunity to investigate how the accused product functions to determine whether it met the claim limitations. *Baron*, 717 F.3d at 913. Second, it was important that plaintiff be allowed to depose defendant's witnesses whose affidavits supported the summary judgment motion "to directly challenge the veracity of the statements in [the witnesses'] affidavits." *Id*. Knapp requests Rule 56(d) relief for similar reasons sought by plaintiff in *Baron Services*: the "chance to disprove [defendant's] position on noninfringement," which is "relevant and essential" to Knapp's opposition. *Id*.

In the present case, denying or delaying RXAS's SJ Motion will allow Knapp to:

- Directly challenge the veracity of RXAS's witness Mr. Chambers's conclusory and un-examined testimony that Product C versions:
    o "include a sensor wired to prevent operation (or counting) unless the counter door is fully open. If the door is anything less than fully open, even by a slight amount (within typical sensor tolerances), Product C will not count pills. As part of this, if the door is closed, Product C versions will not count pills if a count command is given. . . . Instead of counting, Product C versions explicitly provide the visual message to the operator 'COUNTER STOPPED, MAIN HOPPER DOOR NOT OPEN'" (Chambers Decl. ¶4);
    o "By their electronic and mechanical design, the RXAS Product C versions' . . . use the design's sensor to disable the counting functionality when the counter door is in anything other than a fully open position" (Chambers Decl. ¶6); and

8

- o "it is effectively impossible for Product C versions to count when the door is anything other than a fully opened position" (Chambers Decl. ¶7).

   To discover facts associated with that testimony, Knapp will need production of Product C source code, as well as documents and materials associated with the research, design, development, specification and functioning for Product C and all versions thereof, along with the deposition of Mr. Chambers and the engineers at RXAS responsible and knowledgeable about those topics, and potentially third party customer testimony as well.

- Obtain documents and information concerning how RXAS has marketed its Product C, including (a) whether RXAS has ever marketed the Product C in a manner inconsistent with its contentions in Mr. Chambers's affidavit, and (b) future plans for the various and unspecified "versions" of Product C alluded to in Mr. Chambers's affidavit.

   To discover facts surrounding that infringement issue, Knapp will need marketing and advertising materials, design, and development documents and testimony from Mr. Chambers and the engineers and marketing personnel at RXAS responsible and knowledgeable about those topics, as well as testimony from customers of RXAS.

- Obtain documents and information concerning whether RXAS has sold any Product C versions to individuals or entities knowing that the products would be used in a manner inconsistent with how such use is described in Mr. Chambers's affidavit.

   To discover these facts, Knapp will need communications between RXAS and its customers regarding modifications to Product C.

(Fort Declaration ¶¶16-17; Derby Declaration ¶¶4-7). To discover those facts, Knapp will need RXAS to complete its document production and Knapp will need to take the depositions of RXAS, and potentially depose third party witnesses as well. The above documents, information, and testimony will allow Knapp to oppose more fully the SJ Motion.

9

> 4. *To Obtain The Missing Facts, Knapp Has Taken The Steps Of Issuing Further Document Requests And A Follow-Up Letter Identifying The Deficiencies In RXAS's Recent Document Production*

Due to the very early stages of discovery in this case, Knapp has only recently completed a review of the RXAS documents produced on August 29, 2014. The incomplete nature of that document production forced Knapp to send RXAS a letter on October 4, 2014 pointing out the deficiencies and requesting that RXAS produce the responsive information in order to facilitate Knapp's infringement investigation. (Ex. G). That same letter also requests a meet and confer with RXAS should it refuse to produce the requested information. As of this filing, RXAS has not responded to Knapp's discovery letter, and has declined to participate in a conference regarding its deficient discovery responses. If RXAS continues to refuse relevant discovery, Knapp will move to compel.

When RXAS complies with its discovery obligations by completing its document production and interrogatory responses, Knapp intends to take the deposition of Mr. Chambers and the relevant Knapp engineering personnel. Depending on those results, Knapp may also depose representatives of RXAS's customers.

B. The Court Should Grant Knapp's Requested Relief Under Rule 56(d) Because Claim Construction Has Not Yet Occurred

The Federal Circuit's decision in *Baron* to vacate the district court's grant of premature summary judgment of non-infringement also highlighted that summary judgment was inappropriate because the court had not yet construed the claims. As in *Baron*, "[t]he importance of claim construction is quite evident here. . . . Claim construction would resolve the disputes between the parties and provide the legal basis for determining infringement." *Baron*, 717 at

915. Knapp and RXAS dispute the construction of nine total claim terms across five different claims. (Fort Declaration ¶18; Exs. H-J). The Court should grant Knapp's Rule 56(d) motion because the parties have not yet fully briefed the claim construction issues (opening briefs are due to be filed November 24, 2014) and the Court has not yet conducted a claim construction hearing, which is set for January 22, 2015.

## III. CONCLUSION

For the foregoing reasons, Knapp respectfully requests that the Court grant its motion, and deny RXAS's Motion for Partial Summary Judgment without prejudice to RXAS re-filing the motion after the conclusion of claim construction and discovery.

Dated: October 9, 2014                SUTHERLAND ASBILL & BRENNAN LLP

By: */s/ Ann G. Fort*
    Ann G. Fort
    Georgia State Bar. No. 269995
    Stephanie G. Stella
    Virginia State Bar No. 77358
    999 Peachtree Street NE
    Suite 2300
    Atlanta, GA 30309
    Phone: 404-853-8000
    Fax: 404-853-8806
    Email: ann.fort@sutherland.com
           stephanie.stella@sutherland.com

FAIRFIELD & WOODS, P.C.
    John M. Tanner
    1801 California St., Suite 2600
    Denver, CO 80202
    Phone: (303) 830-2400
    Email: jtanner@fwlaw.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

This is to certify that on the 9th day of October, 2014, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

SANTANGELO LAW OFFICES, P.C.
Luke Santangelo, Esq.
Alfred Wiedmann, Jr., Esq.
125 South Howes, 3rd Floor
Fort Collins, CO 80521
(970) 224-3100

/s/Ann G. Fort