UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Judge R. Brooke Jackson

Civil Action No. 1:14-cv-00319-RBJ

KNAPP LOGISTICS AUTOMATION, INC.,
F/K/A KNAPP LOGISTICS & AUTOMATION, INC.

      Plaintiff,

v.

R/X AUTOMATION SOLUTIONS, INC.

      Defendant.

---

**PLAINTIFF'S MOTION (WITH INCORPORATED LEGAL AUTHORITY) TO DISMISS DEFENDANT'S SECOND COUNTERCLAIM IN ITS FIRST AMENDED ANSWER WITH AMENDED COUNTERCLAIMS**

---

COMES NOW Plaintiff, Knapp Logistics Automation, Inc. ("Knapp"), by and through its undersigned counsel, and moves to dismiss Defendant's Second Counterclaim (Defendant's First Amended Answer & Countercls., Dkt. #45, ¶¶ 49-53), with prejudice, for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

**Knapp previously filed this same motion with the following incorporated legal authority and exhibits (*See* Dkt. #18, 19, and 20) directed to the Second Counterclaim in Defendant's original Answer and Counterclaims (Dkt. #12 ¶¶ 49-53). That motion has been mooted by the filing of RXAS's First Amended Answer with Amended Counterclaims (Dkt. #45). Knapp files herewith the same motion and incorporated legal authority, but now directed to the Second Counterclaim contained in Defendant's First Amended Answer**

**with Amended Counterclaims (Dkt. #45 ¶¶ 49-53).  The text of both versions of RXAS's Second Counterclaim is identical.**

## I.  INTRODUCTION

Knapp brings this Motion to Dismiss Defendant's Second Counterclaim due to failure to state a claim sufficient to give rise to declaratory judgment jurisdiction.  R/X Automation Solutions, Inc. ("RXAS" or "Defendant") is asking this Court to declare U.S. Patent No. 8,141,330 (the "'330 Patent," attached hereto as Exhibit A) invalid.  Defendant relies upon 28 U.S.C. § 2201(a), granting courts declaratory judgment jurisdiction in cases of actual controversy.  Knapp has not asserted, and has no intention of asserting, any claim of infringement of the '330 Patent against RXAS.  Article III of the United States Constitution does not permit courts to determine merely hypothetical issues, and RXAS's Second Counterclaim does not satisfy the Supreme Court's test for "a case of actual controversy" necessary for this court to maintain jurisdiction.  Therefore, Knapp respectfully asks this Court to dismiss the Second Counterclaim in its entirety.

## II.  FACTS

Knapp's First Amended Complaint contains claims against Defendant RXAS for infringement of U.S. Patent No. 8,601,776 (the "'776 Patent," attached hereto as Exhibit B). While Defendant RXAS is counterclaiming for a declaration of noninfringement and/or invalidity of the '776 Patent, it is also asking this Court to invalidate the '330 Patent.  In support of its Second Counterclaim (Defendant's First Amended Answer & Countercls., Dkt. #42, ¶¶ 49-53), Defendant pleads several reasons why it believes the '330 Patent is invalid and/or

unenforceable, but as for why the court has jurisdiction over that counterclaim, Defendant states only "[t]he validity of the '330 Patent is germane to the determination of validity of the '776 Patent that claims priority to it." (Defendant's First Amended Answer & Countercls., Dkt. #45, ¶ 50).[1]

### III.     ARGUMENT AND CITATION OF AUTHORITY

Defendant's Second Counterclaim asks for a declaration of invalidity for the '330 Patent, despite the fact that Plaintiff's Amended Complaint relates solely to the '776 Patent. Defendant's assertion is conclusory and cannot be granted any presumption of truth. While the '776 Patent is a continuation of the '330 Patent, a comparison of the patent claims demonstrates that these patents are significantly different.

No substantial controversy exists as to the '330 Patent, and Plaintiff does not have reason to believe that the product alleged to infringe the '776 Patent also infringes the '330 Patent. Further, Plaintiff affirmatively waives any claim arising under the '330 Patent in connection with Defendant's currently marketed "Script Count" units which are the subject of the current litigation. Lacking a substantial or immediate controversy, this Court lacks jurisdiction over Defendant's Second Counterclaim and should dismiss it for failure to state a claim under Fed. R. Civ. R. 12(b)(6).

---

[1] Plaintiff has attached the '330 Patent to this motion as Exhibit A. While Courts should only rely upon affirmations and other evidentiary materials contained in the pleadings when ruling on a Motion to Dismiss, the court may refer to exhibits incorporated by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A document is incorporated by reference where it is "referred to in the [party's] complaint and [is] central to his claim." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). The '330 Patent was explicitly referenced in Defendant's Answer and Countercls., and is central to the Second Counterclaim. Plaintiff believes that the '330 Patent was incorporated by reference, and may be review by this Court without violating Fed. R. Civ. P. 12(d).

### A. Defendant's Assertion Regarding the Relationship Between the '330 Patent and the '776 Patent Is Not Afforded Any Presumption.

While this Court must accept any factual allegations as true for the purposes of deciding a motion to dismiss, assertions that are merely conclusory statements of law are not entitled to any such presumption. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009); *Burnett v. Mortg. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). While legal conclusions may form the framework of the complaint, "they must be supported with factual allegations." *Iqbal*, 556 U.S. at 679.

Defendant's Second Counterclaim alleges "[t]he validity of the '330 Patent is germane to the determination of validity of the '776 Patent that claims priority to it." (Defendant's First Amended Answer & Countercls., Dkt. #45, ¶ 50). As discussed further below, as a matter of law, the status of the '330 Patent is not properly before this Court. Paragraph 50 is merely the legal framework upon which Defendant should have provided factual allegations in support. The remainder of the Second Counterclaim alleges facts that bolster Defendant's argument for invalidity, but does not actually demonstrate any facts showing *why* the '330 Patent is "germane" to the current litigation. As a bare legal conclusion, this Court need not recognize any relationship between the '330 Patent and the '776 Patent beyond that which Knapp has already admitted. The '776 Patent is a continuation of the '330 Patent, but the two patents have significantly different claims. Infringement of one patent does not infer infringement of the other.

### B. Defendant's Second Counterclaim is Governed by the Declaratory Judgment Act And is Not a Valid Case or Controversy.

Defendant's claim for relief is rooted in the Declaratory Judgment Act, 28 U.S.C. § 2001(a), granting federal courts jurisdiction to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought," but only in those cases involving "actual controversy."  In the context of the Act, an "actual controversy" exists when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007), *quoting Md. Gas Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 272 (1941).  A federal court is limited by Article III of the Constitution, and has no power to make declarations which do not affect the matter in issue in the case before it.  *S. Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997), *citing Church of Scientology of Cal. v. U.S.*, 506 U.S. 9, 12 (1992).

Prior to *MedImmune*, district courts confronting declaratory judgment patent claims were directed to dismiss where there was no "reasonable apprehension" that the party would be sued for infringement.  *MedImmune*, 549 U.S. at 122, *overruling Gen-Probe Inc. v. Vysis, Inc.*, 359 F.3d 1376, 1381 (Fed. Cir. 2004).  The so-called "Reasonable Apprehension Test" forced dismissal in those cases where a patent licensee in good standing sought declaratory judgment for validity, enforceability, or scope of the patent because the license itself "obliterated any reasonable apprehension" of a lawsuit.  *Id.*  In *MedImmune*, the Supreme Court redirected courts to weigh whether there is a "definite and concrete" dispute involving the parties.  *Id.* at 127.  However, even where there is a dispute, the new "All Circumstances Test" requires the court to determine "whether the facts alleged, under all the circumstances, show that there is a substantial

controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment." *Id.*

Following the issuance of the *MedImmune* opinion, courts facing similar facts to those posed by RXAS's Second Counterclaim have looked to two key factors when deciding whether "all the circumstances" present an Article III "case or controversy:" the similarity of the claims in both patents and the Plaintiff's enforcement intentions. The '330 Patent has significantly different claims from those of the '776 Patent, and Plaintiff did not (and will not) allege that Defendant's currently marketed product is infringing the claims of the '330 Patent. Using the old "Reasonable Apprehension Test," Defendant's counterclaim fails. Defendant RXAS has not pleaded any facts necessary to demonstrate a "sufficient immediacy" for a declaratory judgment regarding the '330 Patent, under the "All Circumstances Test." Weighing the totality of the circumstances, Defendant's Second Counterclaim is not a "case or controversy" that gives rise to declaratory judgment jurisdiction under 28 U.S.C. § 2201 or Article III of the Constitution, and must be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

        **1.    Defendant's Second Counterclaim Falls Short of the "Reasonable Apprehension Test," and Fails To Plead Facts Necessary to Support Declaratory Judgment Regarding Any Specific Claims.**

The 2007 Supreme Court *MedImmune* case clarified that a party is not *required* to demonstrate a reasonable apprehension of an imminent patent suit prior to seeking declaratory judgment. *See MedImmune*, 549 U.S. at 132 n. 11. However, where there is a reasonable apprehension of suit, those circumstances may be considered. *Innovative Therapies v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1382 (Fed. Cir. 2010). Reasonable apprehension of suit is no longer the sole test for declaratory judgment in a patent matter, but is still "one of the ways that a

declaratory judgment plaintiff can satisfy the more general all-the-circumstances test . . . ." *Prasco, LLC v. Medicis Pharma. Corp.*, 537 F.3d 1329, 1336 (Fed. Cir. 2008).

Under the old test, "there must be both (1) an explicit threat or other action of the declaratory judgment plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity." *BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 978 (Fed. Cir. 1993) (*overruled*). The test, especially the second prong, remains an important component of the newer "All Circumstances Test." *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 880 (Fed. Cir. 2008). The Federal Circuit has even found no "explicit threat" where a patentee asserted infringement of some specific claims, and the defendant asserted a counterclaim for a declaration of invalidity on a different claim *in the same patent*. *Streck, Inc. v. Research & Diag. Sys., Inc.*, 665 F.3d 1269 (Fed. Cir. 2012) (affirming the District Court's dismissal of a counterclaim under the new test partially due to a lack of "reasonable apprehension".)

Here, neither prong of the test is satisfied. Knapp's First Amended Complaint does not allege any infringement of the '330 Patent. Knapp has not sent any document to RXAS suggesting that it believes the '330 Patent is being infringed. Defendant's attempt to reach into a different patent goes even further that *Streck*, where the court rejected an attempt to attach an unrelated claim in the *same* patent. At this time, Knapp has no reason to believe RXAS is making, using, selling, offering to sell, or importing into the United States any product that infringes the '330 Patent. RXAS failed to allege any facts to suggest that it believes its currently marketed product infringes the '330 Patent. Further, RXAS failed to allege any facts to suggest

that any particular claim in the '330 Patent is relevant to the pending litigation. The court in Streck relied heavily upon the "Reasonable Apprehension Test," but the Federal Circuit clarified that even with a new test in place, "the existence of a 'case or controversy must be evaluated on a claim-by-claim basis.'" *Id.* at 1281, *quoting Jervis B. Webb Co. v. So. Sys., Inc.*, 742 F.2d 1388, 1399 (Fed. Cir. 1984); *see also The Fox Group, Inc. v. Cree, Inc.*, 700 F.3d 1300, 1308 (Fed. Cir. 2012) (There is no case or controversy where a party seeks declaratory judgment for invalidity of unasserted patent claims.). The Defendant here has not alleged that any claim in the '330 Patent is directly related to the '776 Patent infringement suit, and therefore lacks the "reasonable apprehension" that might give rise to jurisdiction for declaratory judgment. The Second Counterclaim should be dismissed for failure to state a claim upon which relief can be granted.

        **2.**        **Defendant's Second Counterclaim Should Be Dismissed Because It Fails The "All Circumstances Test" and Does Not State a Claim Under Fed. R. Civ. P. 12(b)(6).**

The burden is on the declaratory judgment plaintiff to allege facts showing "a substantial controversy, between parties having adverse legal interests, of substantial immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127. "*MedImmune* does not stand for the proposition that an Article III case or controversy exists automatically whenever a competitor desires to mount a validity challenge." *Streck*, 665 F.3d at 1284; *see also Cat Tech*, 528 F.3d at 881 ("A party may not obtain a declaratory judgment merely because it would like an advisory opinion on whether it would be liable for patent infringement if it were to initiate some merely contemplated activity.").

Where a party does not plead facts demonstrating a current or pending plan to adopt technology that would arguably infringe a patent, the claim becomes "too remote and speculative to support the exercise of declaratory judgment jurisdiction." *Matthews Int'l Corp. v. Biosafe Eng'g, LLC*, 695 F.3d 1322, 1329 (Fed. Cir. 2012). Substantial immediacy, under *MedImmune*, requires more than some vague statement hinting that the claimant might one day begin using a product that could possibly infringe the patent. *Id.* Even where a claimant pleads facts showing a potentially infringing product will become available a year or more in the future, the threat is not yet immediate enough, and declaratory judgment jurisdiction is missing. *Sierra Applied Scis., Inc. v. Advanced Energy Indus., Inc.*, 363 F.3d 1361, 1379 (Fed. Cir. 2004); *Telectronics Pacing Sys., Inc. v. Ventritex, Inc.*, 982 F.2d 1520, 1527 (Fed. Cir. 1992). Instead, a declaratory judgment plaintiff must allege "significant, concrete steps to conduct infringing activity." *Cat Tech*, 528 F.3d at 880; *cf. Arkema, Inc. v. Honeywell Int'l, Inc.*, 706 F.3d 1351, 1357 (Fed. Cir. 2013) (where the declaratory judgment plaintiff had already marketed the product and was preparing to start fulfilling orders).

RXAS wants this Court to declare the '330 Patent invalid so it can "ascertain its rights and duties with respect to designing, developing, manufacturing, using, selling and offering to sell its products." (Defendant's First Amended Answer & Countercls., Dkt. #45, ¶ 53). Besides not alleging the current existence of a product that it believes may infringe claims of the '330 Patent, RXAS has not pleaded any facts demonstrating concrete plans regarding the likely existence of such a product in the future. As previously stated, Knapp does not believe the currently marketed product alleged to infringe its '776 Patent also infringes the '330 Patent. Defendant's Second Counterclaim for declaratory judgment lacks the immediacy and reality

9

required for declaratory judgment jurisdiction, and therefore should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### 3. Because Plaintiff Affirmatively Waives Any Claim Arising Under the '330 Patent in Regards to Defendant's Currently Marketed Product, There is No Remaining Controversy.

Although reasonable apprehension of a lawsuit is no longer required, there is no "substantial controversy" where the patentee lacks any manifested intent to enforce the patent. *Organic Seed Growers & Trade Ass'n v. Monsanto*, 718 F.3d 1350, 1360 (Fed. Cir. 2013). There is no declaratory judgment jurisdiction where a party affirmatively represents that it does not intend to sue under the patent at issue, and there is no evidence that the potential infringer ever made or sold any products that infringe the patent. *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1347-49 (Fed. Cir. 2007); *see also Intellectual Prop. Dec. Inc. v. TCI Cablevision of Calif., Inc.*, 248 F.3d 1333, 1342 (Fed. Cir. 2001).

Similarly, covenants not to sue a declaratory judgment claimant may moot the controversy.[2] *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 732 (2013); *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999); *see also Organic Seed Growers*, 718 F.3d at 1358 ("While [Patentee's] representations are not a covenant not to sue, they have a similar

---

[2] In one distinguishable case, a District Court found that it maintained declaratory judgment jurisdiction even after the patentee made a covenant not to sue on a continuing patent while simultaneously maintaining an infringement action for the broader parent patent. *Tesco Corp. v. Weatherford Int'l, Inc.*, Civil Action No. H-08-2531, 2009 WL 497134 (S.D. Tex., Feb. 26, 2009). Unlike the present case, the patents in *Tesco* had overlapping claims, and the patentee's infringement claims were based on the broader parent patent, rather than a significantly different continuing patent. *Id.* at *5. Significantly, *Tesco* based much of its logic on *Dow Jones & Co., Inc. v. Alblaise Ltd.*, F. Supp. 2d 41 (D.D.C. 2008), which was seriously called into question on appeal to the Federal Circuit. *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1347 (Fed. Cir. 2010) ("The district court's . . . denial of [patentee's] motion to dismiss is without support in the law and contrary to this court's jurisprudence . . . .").

effect."). Binding representations from a patentee that it will not enforce its patent against a particular party have the effect of judicial estoppel, and effectively eviscerate any judiciable controversy regarding that patent. *Organic Seed Growers*, 718 F.3d at 1357-58. Any such representation must be made prior to adjudication on the merits, and cover all past, present, and future infringement, but acts to divest the district court of subject matter jurisdiction. *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1346-47 (Fed. Cir. 2010).

Knapp does not have any reason to believe that RXAS is currently manufacturing or marketing a product that infringes the '330 Patent. Upon information and belief, the "Script Count" units manufactured by RXAS do not contain "a buffer with two compartments that hold counted tablets before releasing the counted tablets into vials" as required by Claims 1 and 20 of the '330 Patent. *See* Ex. A. The '330 Patent has no other independent claims. Therefore, Knapp affirmatively represents to the Court that it waives any past, present, or future claim against RXAS arising under the '330 Patent in connection with Defendant's currently marketed "Script Count" unit. By so representing, Plaintiff has removed any remaining controversy regarding the '330 Patent, and therefore Defendant's Second Counterclaim should be dismissed as moot and/or lacking a case or controversy sufficient for declaratory judgment.

### IV.     CONCLUSION

For the foregoing reasons, Plaintiff Knapp respectfully request this Court grant this Motion to Dismiss Defendant RXAS's Second Counterclaim, with prejudice, in accordance with Fed. R. Civ. P. 12(b)(6) and Article III of the U.S. Constitution.

Dated this 14th day of October, 2014.

                                        SUTHERLAND ASBILL & BRENNAN LLP

                                        By:  */s/ Ann G. Fort*
                                              Ann G. Fort
                                              Georgia State Bar. No. 269995
                                              Stephanie G. Stella
                                              Virginia State Bar No. 77358
                                              999 Peachtree Street NE
                                              Suite 2300
                                              Atlanta, GA 30309
                                              Phone: 404-853-8000
                                              Fax: 404-853-8806
                                              Email: ann.fort@sutherland.com

                                        FAIRFIELD & WOODS, P.C.

                                        By: */s/ John M. Tanner*
                                              John M. Tanner
                                              1801 California St., Suite 2600
                                              Denver, CO 80202
                                              Phone: (303) 830-2400
                                              Email: jtanner@fwlaw.com

                                        ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

This is to certify that on the 14th day of October, 2014, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

SANTANGELO LAW OFFICES, P.C.
Luke Santangelo, Esq.
Alfred Wiedmann, Jr., Esq.
125 South Howes, 3rd Floor
Fort Collins, CO 80521
(970) 224-3100

*/s/ Ann G. Fort*
Ann G. Fort