IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-00319-RBJ

KNAPP LOGISTICS & AUTOMATION, INC.,

    Plaintiff,

v.

R/X AUTOMATION SOLUTIONS, INC.,

    Defendant.

---

## ORDER

---

This order addresses three summary judgment motions and defendant's recent motion to amend its Answer and Counterclaim.

## BACKGROUND

The Court described the background to this lawsuit in its Claim Construction Order issued on March 16, 2015. ECF No. 79. Briefly, Knapp Logistics & Automation, Inc. is the assignee of US Patent No. 8,601,776, providing systems and methods of automated dispensing, prescription filling and packaging of pills. The invention is intended to fill a need for an automated tablet dispensing system that provides "high security, controlled and reduced replenishment, efficiency, and ease of use." Patent, ECF No. 58-1, at 1:44–47. The present dispute focuses on the component of the system known as an Automated Tablet Dispenser or "ATD." Knapp alleges that R/X Automation Solutions, Inc. ("RXAS") is marketing an ATD that infringes at least 11 of the claims in the '776 patent. RXAS denies infringement and

counterclaims for a declaration of invalidity of both the '776 patent and another Knapp patent, U.S. Patent No. 8,141,330 (the '330 patent). ECF No. 12.

The patent has one independent claim and 19 dependent claims. Claim 1, the independent claim, reads as follows:

> "What is claimed is:
> 1.  A system for automated tablet dispensing comprising:
> a counter configured to count tablets, the counter comprising:
>> **[1] a secure door;**
>> a sensor configured to count the tablets; and
>> **[2] a hopper assembly** configured to receive the tablets through the secure door and transfer the tablets to the sensor; and
>> **[3] a closed canister removably engaged with the secure door of the counter** and configured to hold the tablets for delivery through the secure door of the counter and into the hopper assembly;
>> wherein **[4] the counter is configured to count the tablets when the secure door of the counter is open and closed.**"

The Court added the bolding and the numbers to identify more easily the terms that were construed in the Claim Construction Order.

## PENDING MOTIONS

### RXAS's Motion for Partial Summary Judgment

RXAS moves for a partial summary judgment of non-infringement as to its pill counting product versions that include a feature whereby pill counting takes place only when the counter door is in a fully opened position. ECF No. 44. RXAS primarily focuses on its "Product C" version (in the form that it was presented to Knapp's counsel and expert for inspection on June

16, 2014). RXAS contends that it is beyond any genuine dispute that in Product C and apparently some other versions of the RXAS product line, a sensor disables the pill counter when the counter door is closed or even slightly closed. Because the counter in the independent claim (and therefore each dependent claim) in Knapp's '776 patent is "configured to count the tablets when the secure door of the counter is opened and closed," RXAS argues that those of its products that can count only when the counter door is open necessarily cannot infringe the '776 patent.

In response, Knapp primarily argues that the motion was prematurely filed and should not be decided until the Court construes disputed terms and Knapp has had an opportunity for full discovery. *See generally* Opposition Brief, ECF No. 47. *See also* ECF No. 48 (Knapp's Motion for Rule 56(D) Relief, essentially a recasting of its opposition brief). In its preliminary Infringement Contentions, however, Knapp argued that the sensor in Product C serves no purpose other than as an attempt to design around the '776 patent; that it actually impedes the function of the counter; and that it can easily be disabled either mechanically or by a minor adjustment to the software. ECF No. 44-2 at 5, 14–15.

The Court has now issued its Claim Construction Order. ECF No. 79. Pertinent to the pending motion is its construction of the term, "the counter is configured to count the tablets when the secure door of the counter is open and closed." Knapp had proposed "the counter counts the tablets when the secure door of the counter is both open and closed unless selectively discontinued by a user or electronic computer program." RXAS proposed "a counter that is able to count both when its secure door is open and when its secure door is closed, where 'open' means that secure door position that allows for emptying of tablets from the canister into the

counter and where 'closed' means that secure door position which blocks entirely the passage of tablets from the canister to the counter." The Court concluded that a person of ordinary skill in the relevant art would construe the term, consistent with its plain wording, to mean that "the counter is able to count the tablets both when the secure door is open and when it is closed." ECF No. 79 at 19-20.

All elements of a claim must be present in a product, either literally or under the doctrine of equivalents, for the product to infringe. *See Pennwalt Corp. v. Durand-Wayland, Inc.*, 833 F.2d 931, 952–54 (Fed. Cir. 1987) (adopting the "all elements" rule"). This is sometimes also called the "all limitations" rule. *See, e.g., Freedman Seating Co. v. American Seating Co.*, 420 F.3d 1350, 1358 (Fed. Cir. 2005). Regardless, the inquiry is: "Does the accused product or process contain elements identical or equivalent to each claimed element of the patented invention?" *Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 40 (1997).

As represented to this Court by RXAS and confirmed by the Affidavit of its President, Tim Chambers [ECF No. 44-3 at ¶4], RXAS's "Product C" can count pills only when the counter door is fully open. There is no genuine dispute about that fact. As such, that version and any other versions of RXAS's product line with the same limitation do not infringe on the '776 patent, under which counting can occur when the counter door is open and when it is closed.

This conclusion is consistent with Knapp's own representations to the Patent Office found in the prosecution history. For example, in letter dated October 2, 2013, responding to a non-final office action concerning U.S. Application No. 13/398,979, Knapp's patent counsel distinguished the *Lion* prior art as follows:

> In contrast to the claimed system for automated tablet dispensing, the system 2 of *Lion* does not include a counter including a secure door, a sensor configured to

> count the tablets, and a hopper assembly configured to receive the tablets through the secure door and transfer the tablets to the sensor, wherein the counter is configured to count the tablets when the secure door of the counter is open and closed, as recited in Claim 25.  Although the iris aperture 52 of the base-port subunit 44 may be considered a door of the housing 4, the housing 4 of *Lion* certainly is not configured to count the pills 26 when the iris aperture 52 is closed.  Instead, the housing 4 of *Lion* is configured to count the pills 26 only when the iris aperture 52 is open.  *See* Col. 8, lines 28 - col. 9, line 32; Figs. llA-12.

ECF No. 52-1 at 7 (document page 10).

And, in a letter responding to final office action concerning U.S. Application No. 13/410,959, dated February 26, 2014, Knapp's patent counsel stated,

> Independent Claims 12, 21, and 31 of the present application each recite that "the counter operates to count the tablets with the canister engaged and removed. Independent Claim 1 of *Henkel* [the '776 patent] recites that "the counter is configured to count the tablets when the secure door of the counter is open and closed."  In applying the infringement test to these claims, one may consider a hypothetical system including a canister that is removably engaged with a counter, wherein the counter is specifically configured to stop counting either when a secure door of the counter is open or when the secure door of the counter is closed.  This hypothetical system could literally infringe independent Claims 12, 21, and 31 of the present application but could not literally infringe claim 1 of *Henkel*.

ECF No. 52-2 at 10 (document page 13).

The concerns expressed in Knapp's Infringement Contentions do not change this result. Whether the sensor in Product C was created to design around Knapp's patent is not a material fact. *See Slimfold Manufacturing Co., Inc. v. Kinkead Industries, Inc.*, 932 F.2d 1453, 1457 (Fed. Cir. 1991) ("Designing around patents is, in fact, one of the ways in which the patent system works to the advantage of the public in promoting progress in the useful arts, its constitutional purpose.").  Knapp is concerned that Product C or similar versions might be modified to allow pill counting to occur with the counter door closed.  The short answer is that if RXAS modifies a product in that manner, the Court's non-infringement order would not apply to

the modified product. Moreover, "that a device is capable of being modified to operating in an infringing manner is not sufficient, by itself, to support a finding of infringement." *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1330 (Fed. Cir. 2001).[1]

Application of the "all elements" or "all limitations" rule is a matter of law. *See, e.g.*, *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 234 F.3d 558, 586 (Fed. Cir. 2000). I conclude that there is no genuine dispute of fact that is material to the application of the rule with respect to RXAS's product versions wherein pill counting cannot occur unless the counter door is fully opened. Although Knapp had not completed discovery when the pending motion was filed and briefed, discovery could not generate facts that would create a genuine dispute requiring resolution by trial. Accordingly, RXAS's motion for partial summary judgment is granted.

### Knapp's Motion for Rule 56(d) Relief

Here Knapp again asks the Court to defer consideration of RXAS's motion for partial summary judgment until the conclusion of claim construction and discovery. ECF No. 48. The Court did defer consideration of RXAS's motion until after it issued its Claim Construction Order. The Court has found that there is no genuine issue of material fact that would preclude summary disposition with respect to RXAS's products that can count pills only when the counter door is fully open. Therefore, to the extent motion is not moot, it is denied.

---

[1] Knapp attempted to address this issue through claims construction, proposing that the term "the counter is configured to count the tablets when the secure door of the counter is open and closed" means "the counter counts the tablets when the secure door of the counter is both open and closed *unless selectively discontinued by a user or electronic computer program*." (emphasis added). The Court did not adopt that construction.

**Knapp's Motion to Dismiss RXAS's Second Counterclaim**

Count Two of RXAS's First Amended Answer with Amended Counterclaims seeks a declaration of invalidity of Knapp's U.S. Patent No. 8,141,330 (the '330 patent). ECF No. 45 at 11-13. Knapp argues that it has not alleged, nor will it ever allege, that RXAS has infringed the '330 patent. Therefore, it seeks dismissal of the second count pursuant to Rule 12(b)(6) on the basis that there is no actual controversy that would permit the Court to issue a declaration of invalidity under the Declaratory Judgment Act, 28 U.S.C. § 2001(a). ECF No. 49. RXAS has not responded directly to this motion, but it did respond to Knapp's essentially identical motion which sought dismissal of the same counterclaim in RXAS's original Answer and Counterclaims. ECF No 27 (responding to ECF No. 18). I have reviewed, therefore, ECF No. 49, 18, 19 (exhibits), 27 and 34 (Knapp's reply to No. 18). Having done so, I agree with Knapp.

In the Second Count of the amended counterclaim, RXAS alleges, "upon information and belief," that the '330 patent is invalid or unenforceable by reason of prior art. ECF No. 45 at ¶52. RXAS goes on to list, still upon information and belief, purported instances of sales, offers to sell or public disclosures by Knapp constituting such prior art. *Id.* But those allegations, even if presumed true for purposes of the pending motion, beg the question of whether there is an actual controversy between Knapp and RXAS concerning the '330 patent. "'Basically, the question in each case is whether the facts alleged, under all the circumstances, show there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 126 (2007) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312

U.S. 270, 273 (1941)). On that subject RXAS alleges no facts, only that "[t]he validity of the '330 Patent is germane to the determination of validity of the '776 Patent that claims priority to it." *Id.* at ¶50.

RXAS's Response to plaintiff's motion points out that its Fifth Affirmative defense asserts that the '776 patent is invalid or unenforceable because the '330 patent, as the "parent patent," is invalid or unenforceable. ECF No. 27 at 2. Specifically, the Fifth Affirmative defense asserts that the alleged invalidity of the '330 patent "effects a change in the priority claim of the '776 Patent that renders it invalid." ECF No. 45 at 8–9. RXAS has not shown this Court, however, why it cannot assert this defense without obtaining a declaratory judgment that the '330 patent is invalid.

At bottom, RXAS has not shown that it has standing to seek such a judgment when Knapp has disclaimed any intention of asserting that RXAS's products infringe on the '330 patent. Basically, RXAS is seeking a gratuitous declaration about its competitor's patent even though that patent is causing RXAS no actual injury. Courts are not empowered to grant such relief. Knapp's motion is granted.

### RXAS's Motion for Leave to Amend its Answer and Counterclaim

RXAS seeks leave to file a second amended answer and counterclaim. ECF No. 82. It filed the same motion again a day later, differing only in the lawyer who signed the certificate of service. ECF No. 86. The substance of the motion(s) is RXAS's contention that, in light of this Court's construction of disputed terms in its Claim Construction Order, it is now apparent (to RXAS) that Knapp has engaged in "inequitable conduct." ECF No. 82 at 2. The proposed amendments take the form of a modified Seventh Affirmative Defense concerning patent misuse;

a new Eighth Affirmative Defense asserting that the '330 and '776 patents are invalid and unenforceable due to inequitable conduct; modifications of its first, second, third and fourth counterclaims; and corresponding modifications of its prayer for relief. ECF No. 82-1 at 6–22, 24.

RXAS represents that counsel have conferred, and that Knapp opposes the motion. ECF No. 82 at 1. As of the date of this Order Knapp has not responded to the motion, nor has its time to respond yet expired. It need not respond, because the Court now denies the motion to amend without prejudice. It does so because the portions of the amended pleading that seek a declaration of invalidity or unenforceability of the '330 patent are futile for the reason expressed earlier in this order. RXAS may file another motion for leave to amend after counsel again confer in compliance with Local Rule 7.1A. Counsel should bear in mind that courts freely grant leave to amend pleadings when justice so requires. Fed. R. Civ. P. 15(a)(1). Permitting amendment of a pleading is quite different from a finding that a claim or defense does or does not have merit.

## ORDER

1. RXAS's Motion for Partial Summary Judgment [ECF No. 44] is GRANTED. The Court dismisses plaintiff's claim of patent infringement insofar as it relates to RXAS's product version C and other versions wherein pills cannot be counted unless the counter door is fully open.

2. Knapp's Motion for Rule 56(d) relief [ECF No. 48] is DENIED.

3. Knapp's Motion to Dismiss RXAS's Second Counterclaim [ECF No. 49] is GRANTED.

4. RXAS's Motion for Leave to Amend its Answer and Counterclaim [ECF No. 82] is DENIED. The voluminous exhibits filed in support of this denied motion (and ECF No. 86) may remain "restricted." However, without going through all of them, the Court notes that some of them do not appear, on their face, to merit restricted status, and others cannot be opened and instead generate an "out of memory" message when an attempt to open them is made. Before filing another motion to amend and tendered amended pleading, please consider carefully which documents necessarily must be attached as exhibits, and of those, which contain truly private and confidential information as to which public access should be denied.

5. RXAS's duplicative Motion for Leave to Amend its Answer and Counterclaim [ECF No. 86] is DENIED.

DATED this 16th day of April, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge