IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-00319-RBJ

KNAPP LOGISTICS & AUTOMATION, INC.,

    Plaintiff,

v.

R/X AUTOMATION SOLUTIONS, INC.,

    Defendant.

---

### Order Regarding Post-Trial Motions

    The trial of this case resulted in a jury verdict that the defendant did not infringe the plaintiff's patent, and that in any event, the patent is invalid. Knapp now asks the Court to overrule the jury's decision, enter a judgment as a matter of law on both issues, and then remand for a new trial on damages. RXAS naturally opposes those requests. On the offensive now, RXAS requests a declaration that this was an "exceptional" case and, therefore, an award of attorney's fees, which it estimates to be approximately $2.2 million. Knapp argues that it was not an "exceptional" case and opposes any award of fees. Recently Knapp added to the pile with a request for oral argument on its motions.

    Having reviewed the motions and responses, the Court finds that Knapp's renewed motion for judgment as a matter of law is not a routine denial, as is often the case following a jury trial, but that it raises issues concerning the invalidity and infringement issues that are worthy of oral argument. The motion for oral argument is granted on condition that the

2

principals of the two companies first make one serious, good faith effort to settle all disputes between the parties on a business basis. It seems to me that there ought to be room in the world of pill counters to let each party go forward with their devices in competition and let the better device win in the marketplace. I encourage a face to face meeting of the principals, with the lawyers perhaps taking a lesser role.

If a settlement cannot be achieved, the Court will also need to hear evidence and argument on defendant's motion attorney's fees. This will include plaintiff's explanation of its present argument that this is not an "exceptional" case in light of plaintiff's previous submissions in its original and amended complaints that it was an exceptional case. It will also include an evidentiary hearing as to whether $2.2 million in attorney's fees were necessarily and reasonably incurred. In that regard, a comparison to the amount of fees incurred and billed by plaintiff's lawyers would be one factor that the Court would wish to consider.

## ORDER

Plaintiff's for oral argument [ECF No. 214] is conditionally granted on terms set forth in this order. Plaintiff's motion for a stay [ECF No. 201] is granted.

DATED this 25th day of January, 2016.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge